### S89D0359. POTTS v. THE STATE.
(388 SE2d 678)

CLARKE, Chief Justice.

In 1976 defendant was convicted of the murder of Michael Priest and sentenced to death by the Forsyth County Superior Court. His sentence was overturned in *Potts v. Zant,* 734 F2d 526 (11th Cir. 1984). After a new sentencing trial held in Richmond County pursuant to defendant's motion for change of venue, he again received the death penalty on January 14, 1988. This sentence was affirmed by this court in *Potts v. State,* 259 Ga. 96 (376 SE2d 851), cert. denied, ____ U. S. ____ (110 SC 214, 107 LE2d 166) (1989).

A Cobb County jury found defendant guilty of the aggravated assault and armed robbery of Eugene Robert Snyder and guilty of the kidnapping with bodily injury and armed robbery of Michael Priest. Defendant was sentenced to death for the kidnapping with bodily injury and armed robbery of Michael Priest. The death sentence on the conviction for the armed robbery of Michael Priest was reduced to a life sentence in *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). The conviction and sentence for kidnapping with bodily harm of Michael Priest was reversed in *Potts v. Zant,* supra, and remanded to Cobb County for a new trial. The pre-trial proceedings in Cobb County are the subject of this opinion.

This matter is here for pre-trial review pursuant to Ga. Laws 1988, p. 1437. This court accepted the following issues for review after the Superior Court of Cobb County submitted a report indicating that there might be reversible error:

1) In a challenge to the traverse jury, whether young persons age 18 to 24 are a cognizable group and therefore under-represented in the jury pool;

2) Whether defendant waived a challenge to the composition of the grand jury by not raising this issue before his 1975 trial and whether the charge should be dismissed because the data to complete the grand jury statistics does not exist;

3) Whether the state can use the murder of Michael Priest in Forsyth County for which the defendant received a death sentence as an aggravating circumstance in the defendant's trial for the kidnapping with bodily harm of Michael Priest;

4) Whether and to what extent the defendant should be permitted to represent himself.

1. We have considered defendant's challenge to the traverse jury and find that it lacks merit. Defendant argues that young persons age 18 to 24 are a cognizable group, that they have been systematically excluded from the jury pool, and that they have been consistently underrepresented in the Cobb County jury pool.

> To show that a group is distinct or cognizable under the sixth amendment, a defendant must show: (1) that the group is defined and limited by some factor (i.e., that the group has a definite composition such as by race or sex); (2) that a common thread or basic similarity in attitude, ideas, or experience runs through the group; and (3) that there is a community of interest among members of the group such that the group's interests cannot be adequately represented if the group is excluded from the jury selection process. [*Willis v. Zant*, 720 F2d 1212, 1216 (11th Cir. 1983), cert. denied, 467 U. S. 1256 (1984).]

> Whether or not a class of persons is . . . sufficiently distinct and cognizable for sixth amendment fair cross-section analysis is a question of fact. . . . The distinctiveness and homogeneity of a group under the sixth amendment depends upon the time and location of the trial. [Id.]

See also *Willis v. Kemp*, 838 F2d 1510 (11th Cir. 1988), cert. denied, 109 SC 1328 (1989).

The test for an attack on a traverse jury is two-fold: first, the defendant must prove that the group is a cognizable group; secondly, the defendant must show that the group has been consistently underrepresented.

Defendant has failed to show that persons 18 to 24 are a cognizable group in Cobb County at the present time. In the first place, he failed to show why young adults 18 to 24 were included within his grouping and those 18 to 25, 29, or some other age were not. Thus the selection of the group is itself unclear. We are not persuaded by his argument that because persons in the age group 18 to 24 are underrepresented in the jury pool, this proves that they constitute a cognizable group. This is circular reasoning. Neither are we persuaded that the solidarity and bonding of persons 18 to 24, traits which defendant contends are characteristic of a cognizable group, prove that this segment of the population does indeed amount to a cognizable group. See generally *Jefferson v. State*, 256 Ga. 821 (353 SE2d 468), cert. denied, 484 U. S. 872 (1987); *Parks v. State*, 254 Ga. 403 (330 SE2d

686) (1985); *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974). Finally, defendant has failed to show that manipulation of the jury lists or any other form of systematic exclusion accounts for any under-representation which may occur in this age group. Therefore, we find no error in the trial court's conclusion that young persons age 18 to 24 are not a cognizable group which must be represented on defendant's jury for sixth amendment purposes.

2. Defendant has presented a challenge to the grand jury which indicted him in 1975. The trial court found that he had waived the right to challenge the grand jury by not raising the issue before the 1975 trial. Defendant responds that since he has been granted a trial de novo he should have an opportunity to challenge the grand jury at this time. "The general rule is that the grand jury composition must be challenged prior to indictment unless the defendant shows he had no actual or constructive notice of the illegality." *Barrow v. State,* 239 Ga. 162, 163 (236 SE2d 257) (1977). The fact that a new trial has been granted does not entitle defendant to a new indictment.

Secondly, he argues that his situation is analogous to that of the appellant in *Barrow v. State,* supra. In *Barrow* the court found a challenge to the grand jury was not waived where the defendant's lawyer, influenced by community pressure, failed to make a challenge which he realized would probably be successful. Defendant contends that the failure of his attorney to make a challenge in 1975 is similar. We do not find similar extraordinary circumstances here. Defendant argues that the media gave a great deal of attention to his 1975 trial. He suggests that a challenge to the grand jury at that time might have been viewed as a waste of time and public money and a financial burden on appointed counsel. These circumstances do not rise to the level which would require a new indictment.

3. The state seeks the death penalty against defendant for the kidnapping with bodily injury of Michael Priest in Cobb County. Defendant contends that the state cannot use as an aggravating circumstance the murder of Michael Priest in Forsyth County for which defendant has already received the death penalty. Defendant relies upon *Gregg v. State,* 233 Ga. 117, 127 (210 SE2d 659) (1974), affirmed, 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976), for his argument that the murder cannot be used as the aggravating circumstance in his trial for kidnapping with bodily injury. In *Gregg v. State,* supra, we held that "[s]ince the armed robberies were held to be aggravating circumstances authorizing the death penalties as to the murders, the murders cannot then be used in aggravation of the two armed robberies."

The present case is distinguishable from *Gregg* in that armed robbery, not the kidnapping, was used as an aggravating circumstance in the Forsyth County murder case. Since the kidnapping was not

used as the aggravating circumstance for the murder, the use of the murder as the aggravating circumstance for the kidnapping does not constitute a prohibited use of mutually aggravating circumstances. See *Strickland v. State*, 247 Ga. 219 (275 SE2d 29), cert. denied, 454 U. S. 882 (1981), in which this court upheld death sentences for the murders of A, B, and C. The defendant received the death penalty for the murder of A, which the jury found to be outrageously and wantonly vile and involving depravity of mind. This court approved the jury's finding the murder of A to be the aggravating circumstance supporting the death penalty for the murder of B, and the murders of A and B to be the aggravating circumstances for the death penalty in the murder of C. See also *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977), cert. denied, 439 U. S. 882 (1978); *Jarrell v. State*, 234 Ga. 410 (216 SE2d 258) (1975), cert. denied, 428 U. S. 910 (1976), where defendant received three death sentences for murder, kidnapping, and armed robbery. This court held that although the death sentence for the armed robbery could not be sustained, the armed robbery could be the aggravating circumstance for the death sentence as to the murder, and the murder could be the aggravating circumstance for the death sentence as to the kidnapping.

4. Defendant alleges as error the trial court's refusal to allow him to proceed *pro se* without standby counsel. The record of the motion hearing shows that when the court explained the procedure for conducting the trial with standby counsel and specified what portions of the trial would be conducted by defendant and what portions by standby counsel, the defendant agreed to each point of the court's decision. The court indicated that it would like for defendant and counsel to proceed as co-counsel. Defendant agreed to this arrangement, but at the end of the motion hearing he again reiterated his desire to proceed without counsel.

The transcript of the pre-trial hearings indicates that while counsel conducted most of the examination of witnesses and made most of the arguments during the pre-trial hearings, defendant did speak freely to the court, did participate in examination of one witness, and did participate in the decision-making as to strategy. Defendant has not shown us any instance in which he was prevented from acting as his own counsel.

In *McKaskle v. Wiggins*, 465 U. S. 168 (104 SC 944, 79 LE2d 122) (1984), the Court discussed the role of the standby counsel whose appointment to assist a pro se defendant was authorized in *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), the seminal case setting forth the constitutional right of a criminal defendant to proceed pro se. The Court held that the Sixth Amendment right of a defendant to proceed *pro se* limits the role of standby counsel:

Such rights . . . do impose limits on the extent of standby counsel's unsolicited participation. First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury, and, second, standby counsel's participation without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself. [465 U. S., supra at 168-169.]

The trial court and defendant referred to defendant's appointed counsel as "co-counsel" rather than "standby counsel." There are many authorities which state that a defendant has no right to hybrid representation, simultaneously representing himself and being represented by counsel. *McKaskle v. Wiggins,* supra; *United States v. Oakey,* 853 F2d 551 (7th Cir. 1988); *Cargill v. State,* 255 Ga. 616 (340 SE2d 891) (1986). We find that the corollary of this rule is that the trial judge may not impose co-counsel upon a defendant. The trial court's appointment of standby counsel and the role of standby counsel is limited by the standards set out in *McKaskle v. Wiggins,* supra. The appointment of co-counsel, which connotes counsel of equal authority, over the objection of a defendant who has raised his right to represent himself, would amount to a violation of *Faretta v. California,* supra. Therefore, we remand the issue of counsel to the trial court for a new *Faretta* hearing and a new determination as to the role if any to be played by appointed counsel. See *United States v. Fant,* 890 F2d 408 (11th Cir. 1989), for the elements of a *Faretta* hearing. Further, we hold that a hearing should be conducted as to the role which appointed counsel has played in the pre-trial procedures in this case. If it is determined that counsel has acted in the capacity of co-counsel over the objection of defendant in these pretrial procedures, and if defendant refuses to waive any error in counsel's participation to this point, the trial court must make a determination whether the pre-trial procedures must be repeated.

*The case is remanded for action consistent with this opinion. All the Justices concur.*

DECIDED FEBRUARY 15, 1990.

*Jimmy D. Berry, Mitchell D. Durham,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General,* for appellee.