## A96A1015. MERRITT v. THE STATE.
### (475 SE2d 684)

SMITH, Judge.

Dave Merritt was found guilty by a jury of the offenses of trafficking in cocaine and possession of a firearm during the commission of a felony. He appeals from the judgments of conviction and sentences entered thereon following the denial of his motion for a new trial.

Before trial, counsel was appointed to represent Merritt. Appointed counsel filed a motion to suppress evidence. A hearing was held on the day of trial, and the court denied the motion. After that motion was denied and the State's motion for joinder of several offenses was granted, defense counsel moved to withdraw as counsel at Merritt's request, informing the court that Merritt was dissatisfied with his performance as counsel. Merritt requested that new counsel be appointed to represent him, but the court informed Merritt that no new counsel would be appointed and the trial would proceed. After an extensive colloquy with Merritt, the court presented Merritt with two alternatives: representation by already appointed counsel or representing himself. Merritt decided that he wished to represent himself, and the trial court then ruled that he would be permitted to do so. The court requested, however, that Merritt's appointed counsel remain in the courtroom to assist him.

In his sole enumeration of error, Merritt complains of this ruling, contending the trial court erred in failing either to appoint new counsel or to allow him to proceed with his trial without the presence of his already appointed counsel. We do not agree.

Merritt argues that he has an unequivocal right under both the state and federal constitutions to represent himself and waive his right to counsel. Ga. Const. of 1983, Art. I, Sec. I, Par. XII; *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). This is true. It is also true that an unequivocal assertion of the right to represent oneself, when made prior to trial, also requires that the trial court hold a hearing to ensure that the right to counsel is knowingly and voluntarily waived and that the defendant understands the

perils of self-representation. Id. at 836. Merritt, however, made no unequivocal demand for self-representation. In fact, he repeatedly and vociferously demanded that new counsel be appointed to represent him.

Merritt does not allege that reasonably effective assistance was not provided by appointed counsel, and the record persuades us to the contrary. Where no showing of ineffectiveness is made, a trial court's refusal to appoint new counsel is not error. *Bailey v. State*, 240 Ga. 112 (239 SE2d 521) (1977). The court determined that appointed counsel provided effective assistance. The trial court's failure to appoint new counsel was therefore not error.

Similarly, the trial court's direction that appointed counsel stand by to assist Merritt was not error. The role of standby counsel was addressed by the United States Supreme Court in *McKaskle v. Wiggins*, 465 U. S. 168 (104 SC 944, 79 LE2d 122) (1984). In *Wiggins*, the court held that a trial court may appoint standby counsel for an accused wishing to represent himself at trial, even over the defendant's objection, provided that standby counsel's role is appropriately limited. Appropriate limitation is that which ensures that standby counsel is not excessively intrusive and preserves for the pro se defendant "a fair chance to present his case in his own way." Id. at 177. Such limitation must also ensure that the jury perceives that the defendant is representing himself. Id. at 178.

Here, as in *Wiggins*, standby counsel's role was appropriately limited, and the defendant's rights were respected. First, when the trial court informed Merritt that his former counsel would remain to assist him, Merritt raised no objection to counsel's remaining in that capacity. Second, the court ensured that Merritt was able to conduct the trial in his own way by instructing him to apportion the responsibilities of counsel as he saw fit. It is apparent from the record that Merritt did so. Although Merritt and appointed counsel shared some duties, they did so because Merritt chose that course of action. Standby counsel informed the court that he was deferring to Merritt in all respects. Third, the court carefully informed the jury that Merritt was representing himself and that counsel was there to assist him.

Contrary to Merritt's assertion, the trial court did make a finding on the record that Merritt was competent to represent himself. Further, no merit appears in Merritt's argument that appointed counsel acted as co-counsel with equal authority, which was held improper in *Potts v. State*, 259 Ga. 812 (388 SE2d 678) (1990). This is borne out by the record. Although appointed counsel questioned prospective jurors during voir dire, Merritt himself made an opening statement to the jury, cross-examined witnesses, and gave the closing argument. The court and standby counsel recognized the problem

posed by the prohibition in *Potts*, and the record contains a careful description of counsel's duties and status. As acknowledged on the record, it is undisputed that Merritt himself was "lead counsel" who could "take whatever advice he wishe[d] from" counsel. We find no error.

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 29, 1996.

*Richard O. Allen*, for appellant.

*Lewis R. Slaton, District Attorney, Juliette O. W. Scales, Assistant District Attorney*, for appellee.