## S98A1004. HARRIS v. THE STATE.
(505 SE2d 467)

HUNSTEIN, Justice.
Charles Harris was convicted of murder, felony murder, armed

---

robbery, theft by receiving, and two counts of firearm violations in the shooting death and robbery of Benjamin Danyali. Harris appeals from the denial of his amended motion for new trial.[1]

Evidence was adduced at trial that on the evening of April 18, 1995, Danyali was at a service station located at the intersection of Interstate 75 and West Paces Ferry Road. Appellant drove into the station in a black, four-door Cadillac and called out to Danyali. Danyali spoke to appellant through the window of the car and then entered the car. Appellant then drove the Cadillac out of the service station and turned onto West Paces Ferry Road. A witness who lived on West Paces Ferry Road observed a Cadillac stop in front of his home. The witness heard a "pop noise" about thirty seconds after the vehicle stopped, heard two car doors open, and then a thud as if something hit the ground. The Cadillac backed into the witness' driveway, turned around and headed towards the interstate. Investigators found Danyali lying on the ground with a contact gunshot wound to his head, his pockets turned inside out, a $20 bill sticking out of his rear pocket, and a beeper on his hip.

Later that evening, appellant contacted Turner, a friend who worked at the service station, and asked him for a ride home because the Cadillac had broken down. Earlier, Turner had observed appellant arrive at the service station in the Cadillac and then leave with Danyali. However, when he met appellant, Turner did not see a disabled Cadillac nor did he ever again observe that car. Two other witnesses testified that appellant informed them that he was the perpetrator of the crimes; he stated that he stole nine ounces of cocaine from Danyali and then shot him.

1. Appellant challenges the sufficiency of the evidence to support his convictions. When viewed in a light most favorable to the jury's determination of guilt, the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

---

[1] The homicide and robbery occurred on April 18, 1995. Harris was indicted in Fulton County under indictment number 74725 and reindicted to correct a technical error on January 9, 1996, indictment number Z76923, on charges of murder, felony murder, armed robbery, two counts of theft by receiving stolen property, possession of a firearm by a first offender, and possession of a firearm during commission of a crime. He was tried on January 10, 1996 on all but the second count of theft by receiving stolen property and found guilty of all of the remaining six counts on January 18, 1996. The trial court merged the felony murder into the murder conviction and sentenced Harris to life imprisonment for the murder, twenty years for armed robbery, ten years for theft by receiving, five years for possession of a firearm by a first offender, and five years for possession of a firearm during the commission of a crime, all sentences to run consecutively. His motion for new trial, filed February 16, 1996 and amended on May 1, 1997, was denied on August 25, 1997. A notice of appeal was filed on September 22, 1997 and the appeal was docketed in this Court on March 27, 1998 and submitted for decision without oral argument.

2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred by concluding that he had intelligently waived his right to counsel and by then allowing him to proceed pro se. We hold that this claim has no merit because the record clearly establishes that appellant "competently and intelligently" relinquished the benefits associated with the right to counsel. *Johnson v. Zerbst*, 304 U. S. 458, 469 (58 SC 1019, 82 LE 1461) (1938).

On the morning of the trial, prior to its commencement, appellant's counsel, the public defender, informed the court that appellant wished to represent himself. Appellant then expressed to the court his dissatisfaction with the way his attorney was handling his case, that he did not feel he could communicate with his attorney and that he did not feel he could trust any court-appointed counsel. The court then questioned appellant regarding his understanding of the crimes with which he was charged, the defenses and mitigating circumstances involved in these charges, and the sufficiency of his legal knowledge to proceed competently. The court also explained to appellant that he was entitled to the effective assistance of counsel, but that his counsel was charged with making tactical decisions and such assistance did not require his counsel to comply with every request made by appellant. The public defender stated for the record that he, together with others in his office, had counseled appellant on "all aspects of this case" and that he had previously advised appellant against representing himself; he then repeated that advice to appellant during the hearing. After ascertaining that appellant had filed a demand for a speedy trial and that he remained insistent on that right, the court declared that appellant could represent himself; however, in a further effort to protect appellant's rights, the court appointed the public defender to act as appellant's standby counsel, with the caveat that he should not participate in appellant's representation except to respond to questions asked of him by appellant. See *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981) (trial court appointed attorney to assist pro se defendant in representing himself); *Merritt v. State*, 222 Ga. App. 623 (475 SE2d 684) (1996) (trial court may appoint standby counsel to aid a defendant in self-representation, even over the defendant's objection, provided that the court appropriately limits counsel's participation).

When a defendant asserts his right to self-representation, the trial court is charged with determining, from the facts and circumstances before it, whether the defendant has in fact made an intelligent waiver of the right to counsel. *Clarke,* supra at 196. In allowing a defendant to proceed pro se, the court must apprise the accused of the "dangers and disadvantages" inherent in such a strategy "so that the record will establish that 'he knows what he is doing and his

choice is made with eyes open.' [Cit.]" *Faretta v. California*, 422 U. S. 806, 835 (95 SC 2525, 45 LE2d 562) (1975). Confronted with a criminal defendant who refuses representation and insists on his right to represent himself, the trial court must make a showing in the record that a defendant chose to proceed pro se with full knowledge "of his right to counsel and the dangers of proceeding without counsel." *Clarke*, supra at 197. The record before us reflects that the trial court was fully aware of the duties required of it to determine appellant's competency to represent himself, and to advise him of the dangers of so doing. It engaged in lengthy colloquy with appellant and the public defender to that end and concluded, albeit with obvious reservations, that appellant had made a sufficiently knowing and intelligent waiver and that he was competent to represent himself. This finding need not be tantamount to a finding that an accused is "capable of good lawyering." *Wayne v. State*, 269 Ga. 36, 38 (495 SE2d 34) (1998). Contrary to appellant's contention, the trial court did engage in the inquiries set forth in *Prater v. State*, 220 Ga. App. 506 (469 SE2d 780) (1996); in any event, "the record need only reflect that the accused was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver. [Cits.]" *Wayne*, supra at 38. Based upon the record before us, we conclude that the trial court did not err in finding that appellant had knowingly relinquished his right to counsel or in permitting him to act pro se.

3. Appellant next contends that the trial court erred in sustaining the State's objection to his closing argument regarding the State's decision not to call a particular witness at trial. In his closing argument, regarding the robbery charge, appellant attempted to comment on the State's failure to call as a witness the victim's brother, who had stated to police that he had seen the victim leave their home with a wallet. The State objected and the trial court sustained the objection under *Wilson v. Zant*, 249 Ga. 373 (4) (290 SE2d 442) (1982) (upholding, against appellant's equal protection challenge, the rule permitting prosecutors to comment upon a defendant's failure to call exculpatory witnesses, where another rule prohibits a defendant from commenting on the State's failure to call a witness). However, in *Morgan v. State*, 267 Ga. 203 (476 SE2d 747) (1996), we disapproved *Wilson* and the cases which followed it finding that *Wilson* was overbroad in its complete prohibition of any comment whatsoever by defense counsel on the State's failure to call certain witnesses. In addition, we reiterated that while the legal presumption set forth in OCGA § 24-4-22 does not apply to criminal cases, it is nonetheless appropriate for "opposing counsel to draw an inference of fact from such failure [to call a witness] and comment on the failure to the jury." *Morgan*, supra at 205. Accordingly, we held that when evidence was placed "properly before the fact finder of the

existence of witnesses with knowledge of material and relevant facts, defense counsel should [be] permitted to comment on the State's failure to call [such] witnesses." Id. at 207 (4).

The same reasoning applies to this case. On cross-examination, appellant elicited testimony from a police investigator that the victim's brother had seen the victim with a wallet when he left the house. This testimony properly placed before the jury the existence of a missing witness in possession of material and relevant facts and, under our holding in *Morgan*, was adequate to permit appellant to comment to the jury, in his closing argument, on the State's failure to call the victim's brother as a witness, leaving any inferences to be drawn from that evidence for the finder of fact. We therefore hold that the trial court erred in sustaining the State's objection to that comment.

However, appellant has not shown how the court's ruling has prejudiced him. Appellant does not argue that the victim's brother would have given exculpatory testimony regardless which side called him as a witness. See *Kendrick v. State*, 224 Ga. App. 72 (479 SE2d 464) (1996) (failure to show harm when informant's evidence contradicts defendant's claim that such would be exculpatory). Further, despite its ruling, the trial court did not admonish appellant or instruct the jury to disregard his comment; rather, appellant continued to assert that the State had failed to prove its case by failing to adduce evidence that linked him to the robbery of the victim. Because the evidence of appellant's guilt on the armed robbery charge is overwhelming, it is not only highly probable that it did not contribute to the judgment, but that the error, even if regarded as constitutional error, was harmless beyond a reasonable doubt and does not mandate reversal. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

4. Finally, appellant contends that the trial court erred in its instruction to the jury regarding appellant's prior indictment and first offender sentence for violation of Georgia's Controlled Substances Act. The State introduced a certified copy of the earlier indictment and first offender sentence to establish Count 5, possession of a firearm while on first offender probation, as the predicate offense of Count 2, felony murder. The trial court then instructed the jury on the limitations of its consideration of the prior offense. Appellant contends that this instruction was unclear and erroneously permitted the jury to consider the conviction in connection with other charges. However, appellant's failure to lodge a contemporaneous objection leaves nothing for review. *Foshee v. State*, 256 Ga. 555, 556 (2) (350 SE2d 416) (1986). Accordingly, appellant's last enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

Decided September 14, 1998.

*Ira B. Brownlow, Jr., Virginia W. Tinkler,* for appellant.

*Paul L. Howard, Jr., District Attorney, Stephen B. Murrin, Cari K. Johanson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.