## A99A0505. LANE v. THE STATE.
### (520 SE2d 705)

BARNES, Judge.

Gary M. Lane, Sr. appeals his convictions for driving under the influence in violation of OCGA § 40-6-391 and weaving over the roadway in violation of OCGA § 40-6-390. Lane's initial enumeration of errors contended the jury was picked from a jury pool that did not represent a fair cross-section of the community, the trial court erred by granting the State's motion in limine to exclude certain testimony of the arresting officer, and the trial court erred by refusing to charge on the weight to be given the breathalyzer or blood analyzer results. Later, Lane amended his enumeration of error to add an allegation that the trial court erred by refusing to exclude the breathalyzer test results.

1. We cannot consider the error asserted in Lane's amended enumeration of error that was filed four days after Lane filed his original enumeration of errors because an enumeration of errors cannot be amended after the time for filing an enumeration of errors has expired. *Talley v. State*, 200 Ga. App. 442, 447 (408 SE2d 463) (1991). In this case, pursuant to an extension of time in which to do so, Lane filed his enumeration of errors and brief on December 18, 1998, the last day of the extension. His amended enumeration that was filed on December 22, 1998, was thus untimely.

2. On the day of trial, Lane filed a motion challenging the array from which the jury was selected. The motion contended that young adults and whites were excluded from the jury list intentionally, discriminatorily, and systematically and that prior traverse jury lists reveal a history and pattern of intentional, discriminatory, and systematic exclusion of both groups.

(a) To prove his allegation regarding young adults, Lane was first required to prove that young adults represented a cognizable group in Fulton County. *Potts v. State*, 259 Ga. 812, 813 (1) (388 SE2d 678) (1990). To do so, Lane was required to prove that young adults were a group defined and limited by some factor, that a common thread or interest ran through the group, and that the group had a community of interest that would not be represented if the group was excluded from the jury selection process. Id. Secondly, he was required to show that young adults have been consistently under-represented on the jury lists. Id.

Lane failed to prove either part of the test because he presented no evidence to support his motion. For example, he made no showing that young adults were a cognizable group in Fulton County or that young adults have been consistently under-represented in the jury pool. *Potts v. State*, supra, 259 Ga. at 813.

(b) Lane also failed to prove his challenge to the racial composi-

tion of the array. Evidence that a jury panel contains no members of a defendant's race, standing alone, does not support a challenge to the array (*Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635) (1988)) because the Constitution does not guarantee that the jury impaneled in a particular case will be a representative cross-section of the community. *Truitt v. State*, 212 Ga. App. 286, 287 (441 SE2d 800) (1994). The correct inquiry concerns the procedures for compiling the jury lists and not just the composition of a particular jury. *Patterson v. Balkcom*, 245 Ga. 563, 565 (1) (266 SE2d 179) (1980).

(c) Lane's challenge to the preparation of the jury list merely alleges that unspecified "arbitrary methods" are used, that the list is out of date, and that using an alphabetical list allows "entire family units" to dominate the jury process. Lane, however, presented no evidence to prove that these allegations were true, or to prove the effect of these alleged irregularities was to exclude members of any group from the jury. Although offered the opportunity to support his motion, Lane did not do so, and even though he renewed his motion after the jury was selected, he presented no evidence to support his claims. Therefore, the trial court did not err by denying this motion.

3. Lane further contends the trial court erred by granting the State's motion in limine to exclude the arresting officer's statements at a hearing on Lane's possible guilty plea to these charges. The trial court concluded that the officer was not sworn at the hearing and that the officer's statement was inadmissible because it was part of the plea negotiations. Lane contends, however, that he should have been allowed to use the officer's statements at the guilty plea hearing to impeach the officer's testimony that Lane was a less safe driver.

During the guilty plea hearing, the officer admitted that he stated his opinion that the results of the field sobriety tests he administered to Lane did not warrant the high results shown by the breathalyzer. Later, during a hearing on the admissibility of the breathalyzer results, the officer acknowledged making that statement, but the officer also testified that at no time did he ever say that he believed that Lane was not under the influence of alcohol to the extent he was a less safe driver. The officer merely said he did not believe Lane's physical attributes warranted the numerical test results.

Pretermitting whether the trial court was correct in excluding the officer's statements during the guilty plea hearing, we find no reversible error because the officer's testimony before the jury was not inconsistent with either his statement at the guilty plea hearing or his testimony at the motion hearing. At all times the officer testified that Lane's performance on the field sobriety tests did not appear to warrant the breathalyzer test results and that he believed that Lane was a less safe driver because he was under the influence

of alcohol. Consequently, as the officer's testimony and his statement were not inconsistent, Lane could not use the statement for impeachment. Thus, he was not harmed by the grant of the motion in limine. Moreover, Lane was not denied the use of the officer's opinion because the officer testified before the jury that he believed the breathalyzer results were higher than he expected based on Lane's performance on the field sobriety tests. Harm and error must be shown to warrant reversal. *Hinton v. State*, 233 Ga. App. 213, 214 (1) (504 SE2d 49) (1998).

4. Lane contends the trial court also erred by denying his request to charge no. 9 that

> [t]he reliability and performance of any given breathalyzer or blood analyzer machine is subject to challenge. If there is evidence that any particular machine has malfunctioned or was designed or operated so as to produce unreliable results, such evidence is relevant to the weight which you should accord the test results.

Alleged errors in jury instructions, however, are not considered alone, but must be considered in the context of the whole charge when determining whether there was error. *Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177) (1987).

Review of the entire charge given in this case shows the trial court charged the jury that "even where a procedure in general use is based upon a scientific theory, it may have some margin of error and give an erroneous result under certain circumstances." As this charge addresses the substance of the requested charge, the trial court did not err by refusing to give request to charge no. 9. It is not error to fail to charge in the exact language of a requested charge if the principles of law embodied in the request are included in the charge given. *Gibbins v. State*, 229 Ga. App. 896, 900 (5) (495 SE2d 46) (1997). Accordingly, we find no error.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 30, 1999 —
RECONSIDERATION DENIED JULY 21, 1999

*William H. Toler III*, for appellant.
*Joseph J. Drolet, Solicitor, Marko L. Burgar, Assistant Solicitor*, for appellee.