A00A0068. BROWN v. THE STATE.
(535 SE2d 281)

BARNES, Judge.

Leonard Carlos Brown appeals his conviction for aggravated battery. He contends the trial court erred by allowing him to represent himself because he did not knowingly, intelligently, and voluntarily waive his right to representation by counsel. Brown also contends the trial court erred by admitting prejudicial hearsay into evidence. Finding no error, we affirm.

Brown was represented by appointed counsel from June 24, 1998, until appointed counsel withdrew from the case on September 18, 1998, after Brown terminated his services because he had retained counsel. Then, on October 2, 1998, retained counsel withdrew from the case when Brown discharged him. Brown then decided to proceed pro se. The trial court, however, directed that the original appointed counsel assist Brown throughout trial. On February 12, 1999, Brown, with the assistance of appointed counsel, argued the motions in the case.

During his arraignment, in response to the trial court's question, Brown stated that he wanted to represent himself. With Brown present, appointed counsel stated, "[Brown] puts himself in great jeopardy by not using an attorney." The trial court, however, allowed Brown to proceed pro se but directed Brown to confer with the

appointed counsel before filing motions and also instructed counsel and Brown to meet.

As recited in the trial court's order denying Brown's motion for new trial, when the case came to trial on March 1, 1999, in response to the trial court's question, Brown again stated he intended to represent himself. In response to the prosecutor's suggestion, the trial court then advised Brown of the maximum sentence he faced on the counts of the indictment and also informed him of the possible lesser included offenses. The trial court reminded Brown that he had a right to representation by counsel, and Brown again stated he wanted to represent himself. Responding to the trial court's questions, Brown stated that he had adequate time to prepare for trial and that appointed counsel had been available for consultation. The trial court told Brown that the attorney who had been appointed to consult with him would be allowed to take over Brown's case at any time during the trial.

Additionally, the record contains numerous handwritten motions or briefs that Brown filed on his own behalf, and other motions were filed on Brown's behalf by the attorney appointed to consult with him. Moreover, in response to Brown's request, the trial court allocated funds to pay for defense experts to inspect, examine, and test the State's evidence. Counsel appointed to consult with Brown was present throughout the trial to confer with Brown.

1. One charged with a felony has an unconditional and absolute constitutional right to representation by a lawyer that attaches at the pleading stage of the criminal process. This right may be waived only by voluntary and knowing action by the accused. Further, waiver will not be lightly presumed, and a trial court must employ every reasonable presumption against waiver. Should a defendant wish to represent himself, however, he must be given an opportunity to voluntarily, knowingly, and intelligently waive his right to counsel. Such a waiver requires an intentional surrendering or abandonment of the right to counsel, and the constitutional right of the accused to be represented by counsel invokes the protection of the trial court. *Prater v. State*, 220 Ga. App. 506, 508 (469 SE2d 780) (1996).

*In Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), our Supreme Court held that in these cases:

> the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.

No magic language must be used by a trial judge when determining that a defendant has validly waived his right to counsel. *Reviere v. State*, 231 Ga. App. 329, 330 (1) (498 SE2d 332) (1998). This determination depends upon the particular facts and circumstances of each case, including the accused's background, experience, and conduct. *Clarke v. Zant*, supra, 247 Ga. at 196. Considering the complete record in this case, we are satisfied that the trial court did not err by allowing Brown to represent himself. Brown knowingly and intelligently waived his right to counsel. *Harris v. State*, 269 Ga. 731, 733 (2) (505 SE2d 467) (1998).

2. Brown's second enumeration of error is also without merit. Rather than admitting hearsay, as Brown contends, the transcript shows that the witnesses' prior inconsistent statements were introduced as substantive evidence under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 26, 2000.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Joel C. Pugh, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.