## A00A0221. HOLT v. THE STATE.
(535 SE2d 514)

BARNES, Judge.

James Edward Holt appeals his convictions of one count of rape and two counts of aggravated assault with a deadly weapon. He was sentenced to 20 years on each count with all sentences to run concurrently. He contends the trial court erred by (1) permitting him to represent himself because he did not knowingly and intelligently waive his right to counsel, (2) allowing the prosecutor to impeach him improperly, (3) failing to give a charge on impeachment, and (4) refusing to read testimony to the jury during their deliberations. We affirm.

---

The charges against Holt arose from a complaint made by one of Holt's female friends. According to her version of the events, the two of them spent an evening on the town to celebrate her impending move. When they returned to her apartment, Holt assaulted her with a pistol and ultimately forced her to have sexual relations with him. Holt, however, denied that he assaulted her with a pistol and maintained that the alleged victim consented to sexual relations. Although initially Holt claimed that he was incompetent to stand trial, a jury found otherwise, and Holt proceeded to trial.

Before his trial began, Holt fired the public defender assigned to represent him. At that time, the trial court advised Holt that trial proceedings are technical proceedings with technical rules, and "sincerely, earnestly" urged Holt not to proceed without defense counsel because it was not likely to work to Holt's benefit. Holt responded, however, that he did not want his appointed defense counsel to represent him. When Holt explained that he was just saying that he would prefer someone else, the trial court responded that the trial would begin that day. Thereafter, the trial court urged Holt to reconsider and allow the public defender to represent him, but Holt refused.

Following jury selection during which Holt was assisted by the public defender, the trial court again reminded Holt that a trial was a technical proceeding and he needed the assistance of someone trained to help him if he wanted to represent himself. Holt responded that he realized he did not have the experience of the public defender, but was concerned that the public defender would not bring out the things Holt wanted. The trial court explained, however, that the public defender had worked on the case for some time, knew what was to be expected, had access to the prosecutor's entire file, and had training. After the public defender submitted charges on Holt's behalf, the trial court explained to Holt his need to make decisions about trial strategy and his need to know about the law. The trial court again reminded Holt that self-representation was "pretty risky," and allowed him to consider overnight whether to continue representing himself.

The next morning, Holt again chose to represent himself. The public defender remained available to assist Holt, and the trial court reminded Holt that the rules of evidence would apply and suggested that he confer with the public defender about questioning witnesses. In addition to conferring with Holt, the public defender also subpoenaed witnesses for him.

Later, the trial court again asked Holt to consider allowing the public defender to question a witness, but Holt declined. In addition to the trial court's repeated efforts to persuade Holt to allow the public defender to try the case, Holt received the court's assistance during the trial, e.g., in prompting Holt to qualify a witness as an expert

and later explaining the scope of closing argument. Further, the public defender conferred with Holt throughout the trial, and on occasion argued on Holt's behalf.

Ultimately, however, the jury found Holt guilty on all counts and affirmed the verdict when Holt caused the jury to be polled.

After the verdict was returned, Holt said, "Even though it might not have been a wise decision for me to represent myself, but that was my choice and I will live with that, and I can't do nothing but live with that." Holt explained that he chose to represent himself because he felt it would be more convincing for him to tell his story.

1. Any person:

> charged with a felony has an unconditional and absolute constitutional right to representation by a lawyer that attaches at the pleading stage of the criminal process. This right may be waived only by voluntary and knowing action by the accused. Further, waiver will not be lightly presumed, and a trial court must employ every reasonable presumption against waiver. Should a defendant wish to represent himself, however, he must be given an opportunity to voluntarily, knowingly, and intelligently waive his right to counsel. Such a waiver requires an intentional surrendering or abandonment of the right to counsel, and the constitutional right of the accused to be represented by counsel invokes the protection of the trial court. [Cit.]

*Brown v. State*, 244 Ga. App. 206, 207 (1) (535 SE2d 281) (2000). Although we have held that no magic language must be used when the trial court determines that a defendant has validly waived his right to counsel (*Reviere v. State*, 231 Ga. App. 329, 330 (1) (498 SE2d 332) (1998)), in *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), our Supreme Court held that:

> the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.

The trial court's finding on the record that the defendant has chosen validly to proceed pro se, together with advice the defendant received about the right to counsel and warnings given on the dangers of proceeding without counsel, would be helpful in the appellate process. Further, absent some special circumstance arising after the initial decision to proceed without counsel, once a defendant validly has elected self-representation, the trial can proceed without additional

warnings or advice on this subject.

Nevertheless, whether a defendant has validly waived his or her right to counsel depends upon the particular facts and circumstances of each case, including the defendant's background, experience, and conduct. *Clarke*, 247 Ga. at 196. In this case, the trial court repeatedly urged Holt to take advantage of the services of the public defender and repeatedly advised him of the dangers of proceeding pro se. Thus, considering the full record on appeal, we are satisfied that Holt validly elected to proceed without counsel.

2. Holt also alleges that the prosecutor improperly impeached a defense witness by referring to Holt's arrest record. Review of the transcript shows, however, that Holt declined to object to this questioning during a bench conference with the public defender, Holt, the prosecutor, and the judge. Given this circumstance, the issue was waived because it was not raised in the trial court, and we cannot consider an issue raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979); *Cooper v. State*, 173 Ga. App. 254, 256 (1) (325 SE2d 877) (1985).

3. Holt's contention that the trial court erred by not giving a charge on impeachment of witnesses is without merit. It is not reversible error for the trial court to fail to give a request to charge that is not submitted in writing by the complaining party. *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991). Further, although Holt reserved his objections when the trial court asked if he had any objections to the charge, that reservation is not enough in this instance.

> While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the failure to give instructions to the jury this does not relieve him from the necessity of requesting instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citation and punctuation omitted.) *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993). Reviewing the jury charge as a whole, we conclude that the lack of a charge on impeachment did not deprive the jury of proper guidelines for determining whether Holt was guilty or not guilty.

4. Holt's allegation that the trial court erred by refusing to read testimony to the jury is also without merit, because the jury made no such request. Instead, the jury asked for a copy of the transcript, which, of course, was not available. When the trial court explained

this to the jury, it made no further requests for testimony.
*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JUNE 7, 2000.

*Peters, Roberts, Borsuk & Guest, R. Stephen Roberts, J. M. Raffauf,* for appellant.
   *J. Tom Morgan, District Attorney, Jennifer M. Daniels, Maria Murcier-Ashley, Assistant District Attorneys,* for appellee.