## A00A0937. YOUNG v. THE STATE.

(538 SE2d 487)

ANDREWS, Presiding Judge.

Clifford Edward Young appeals from denial of his motion for new trial following his conviction by a jury of aggravated assault and simple battery against Marylou Young, his wife.[1] Young was acquitted by the jury of false imprisonment.

Young contends that he did not knowingly and voluntarily choose to represent himself; that he never validly waived his right to seek appointed counsel; and that, if he was not indigent, the trial court erred in failing to specifically delineate the role of standby counsel prior to trial, thereby violating Young's right to represent himself and his right to counsel.

Young was arrested on a warrant in September 1997. On September 17, 1997, he filed his Affidavit for Indigent Assistance but was found financially ineligible. With the assistance of retained counsel obtained with a loan from his parents, Young posted an appearance bond on October 3, 1997. After indictment on December 3, 1997, Young, with a number of other defendants awaiting trial, appeared before the court on June 15, 1998.

The court addressed them and delineated their responsibilities if they desired appointed counsel or if they were attempting to retain private counsel. After advising the group that their cases would appear on trial calendars scheduled for July 6 or 13 or August 10 or

---

[1] The two had a marriage license, but Marylou Young testified that Young had a previous undissolved marriage.

31, 1998, the court advised them to make arrangements for retained counsel or to begin keeping written records regarding their income, expenses, and unsuccessful attempts to retain counsel if they wished to be considered for appointed counsel.

Young's case appeared on the August 10 calendar and was called for trial on August 13. The court inquired if Young intended to represent himself, and Young stated, "I just — I couldn't afford a lawyer at the time." Young acknowledged that, although he had been advised by the court of the steps he needed to take to be considered for appointed counsel, he had not brought copies of any job applications, lists of income and expenses, or notes regarding attempts to hire counsel. Attorney Willis, who was present in the courtroom, was directed by the court to sit with Young to instruct him and advise him during the trial, and the court stated that both Willis and Young would be allowed to participate in the case. In fact, except for Young making his own opening statement in which he denied the allegations, Willis conducted the remainder of the trial.

1. Young first asserts that he did not knowingly and voluntarily choose to represent himself, as required by *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975) and *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981).

These cases, however, are not dispositive. Here, Young did not, in fact, represent himself, but was provided and took advantage of the services of attorney Willis, although the court specifically allowed both Young and Willis to participate in the proceedings.

Further, an accused may be required to represent himself if his failure to obtain counsel is attributable to his own lack of diligence which amounts to a waiver of counsel. *McQueen v. State*, 240 Ga. App. 15 (522 SE2d 512) (1999); *Smith v. State*, 231 Ga. App. 68 (1) (498 SE2d 561) (1998), overruled on other grounds, *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999); *Flanagan v. State*, 218 Ga. App. 598 (462 SE2d 469) (1995). A trial court's decision on this issue is subject to reversal only for manifest abuse of discretion. *McQueen*, supra at 17. Here, unlike in *Flanagan*, relied upon by Young, and pretermitting the fact that Young had the benefit of counsel at trial, the trial court did make a determination that Young had failed to use diligence in obtaining counsel and there was no manifest abuse of discretion shown. Compare *Hasty v. State*, 210 Ga. App. 722, 723 (1) (437 SE2d 638) (1993).

2. Young's second enumeration, that he never validly waived his right to seek appointed counsel, is rendered moot by the fact that Young was provided with counsel who conducted all phases of the trial except the opening argument.

Also, Young has failed to show any harm as a result of any such error, especially in light of the fact that he was acquitted on one

charge. Here, as in *Brooks v. State*, 243 Ga. App. 246, 250 (1) (b) (532 SE2d 763) (2000), the evidence consisted of the testimony of Marylou Young and officers who responded to the incidents. These officers were able to contribute only what they were told by the victim and their observations of her physical condition, including her inebriation, which was used by trial counsel in Young's defense.

There is no reasonable possibility that error, if one, contributed to the conviction. *Brooks*, supra at 252.

3. As to Young's argument that the trial court failed to properly delineate the role of standby counsel, this is not a situation where an accused unequivocally demanded self-representation and was appointed standby counsel over his objections, as in *Potts v. State*, 259 Ga. 812, 815 (4) (388 SE2d 678) (1990) and *Merritt v. State*, 222 Ga. App. 623 (475 SE2d 684) (1996), relied on by Young. Instead, Young accepted the services of Willis and allowed him to conduct all of the proceedings ,except the opening argument. Given the opportunity to supplement Willis' questioning of witnesses and his closing argument, Young declined.

Again, even assuming error, no harm has been shown, and the trial court did not err in denying Young's motion for new trial on these grounds. *Brooks*, supra; see *McDowell v. State*, 239 Ga. App. 667, 669 (1) (522 SE2d 44) (1999).

*Judgment affirmed. Ellington, J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED AUGUST 18, 2000 —
RECONSIDERATION DENIED SEPTEMBER 7, 2000 

*Whitmer & Law, George H. Law III*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.