A06A0904. MINTZ v. THE STATE.
(635 SE2d 417)

MILLER, Judge.

Following a jury trial, Vernon Mintz was convicted of per se driving under the influence, less safe driving under the influence, and failure to maintain lane. The trial court merged the less safe DUI count with the per se DUI count for sentencing purposes. Mintz appeals, challenging the trial court's admission of the sentences he received upon the State's similar transactions evidence, its failure to charge the presumptions and inferences applicable to less safe DUI chemical testing, and his trial counsel's effectiveness. Further, Mintz contends that the trial court erred by permitting the prosecutor to argue propensity in closing argument based on the State's similar transactions evidence. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Georgia State Patrol Sergeant Jason Johnson stopped Mintz for failure to maintain lane. Mintz smelled of alcohol, his speech was slurred, and his eyes were bloodshot and watery. He failed the field sobriety tests administered to him on the scene. Based on these observations, Sergeant Johnson arrested Mintz for DUI and failure to maintain lane. After being read the implied consent warning, Mintz submitted to State-administered chemical testing, registering blood-alcohol readings of 0.168 and 0.17 on the Intoxilyzer 5000.

1. Mintz contends that the trial court erred in admitting the State's evidence of similar transactions and the sentences he received thereon. While Mintz correctly observes that the "better method would be not to admit the sentence in a prior offense where a similar transaction is involved" (*Weaver v. State*, 206 Ga. App. 560, 561 (426 SE2d 41) (1992) (citation and punctuation omitted)), the dispositional evidence complained of was admitted at trial without objection. Accordingly, the instant claim of error is waived. See *Dyer v. State*, 257 Ga. App. 267, 268 (3) (570 SE2d 692) (2002).

2. Mintz contends that the trial court erred in failing to instruct the jury as to the presumptions and inferences attendant to the less safe DUI count under OCGA § 40-6-392 (b). Trial counsel, however, did not request such a charge in writing. "It is not reversible error for the trial court to fail to give a request to charge that is not submitted in writing by the complaining party. [Cit.]" *Holt v. State*, 244 Ga. App. 341, 344 (3) (535 SE2d 514) (2000). Further, although it is stipulated that Mintz reserved his objections when the trial court asked if he had any objections to the charge, that reservation is not enough under these circumstances.

> While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the failure to give instructions to the jury[,] this does not relieve him from the necessity of requesting instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

(Citation and punctuation omitted.) *Kitchen v. State*, 263 Ga. 629, 630 (1) (436 SE2d 645) (1993).

Reviewing the jury charge as a whole and unrebutted evidence of record showing an alcohol concentration in Mintz of 0.17 grams, we conclude that the lack of a charge on presumptions and inferences as to the less safe DUI charge did not deprive the jury of proper

guidelines for determining Mintz's guilt or innocence of per se DUI. *Kitchen*, supra, 263 Ga. at 630. Accordingly, the instant claim of error is without merit.

3. Mintz contends that his trial counsel was ineffective for failure to object to the admission in evidence of the sentences he received on two prior offenses that the State introduced as similar transactions evidence and to closing argument in which the State argued such evidence for propensity. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: (1) deficient performance of his or her counsel, and (2) that the deficiency was prejudicial to his or her defense. *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citation and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121-122 (2) (453 SE2d 443) (1995). Unless clearly erroneous, this Court will not disturb a trial judge's findings as to deficient performance or prejudice to the defendant. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

Pretermitting whether trial counsel's performance was deficient for failure to object to the disposition made of the State's similar transactions evidence, there is no evidence of prejudice to Mintz, since the sentencing information that Mintz challenges reflects significantly reduced sentences for DUI. Specifically, the record shows that one of the DUIs was reduced to reckless driving and a $625 fine. Mintz was sentenced to probation and house confinement in the other. Given the foregoing, we find no reasonable likelihood that the outcome would have been different had the jury not heard the sentencing information of which Mintz complains. On the contrary, such information quite possibly benefitted him.

Further, while the record shows that the prosecutor commented on the foregoing sentencing information in his closing argument, we conclude, as the trial court did, that the prosecutor's comment was harmless in that it made no argument as to Mintz's propensity for future dangerousness. Compare *Collier v. State*, 266 Ga. App. 345, 355 (2) (b) (596 SE2d 795) (2004) (wherein we reversed for pervasive prosecutorial argument going to propensity in the guilt-innocence phase of trial).

Under these circumstances, evidence supported the trial court's conclusion that trial counsel's actions resulted in no prejudice to Mintz. *Stephens*, supra, 265 Ga. at 121-122 (2).

4. Finally, Mintz argues that a harmless error analysis does not apply to this Court's review of his claim that the prosecutor improperly argued propensity in his closing argument. This argument is

158

waived on appeal, as it was not raised and ruled upon in the trial court. *Rental Equip. Group v. MACI, LLC*, 263 Ga. App. 155, 160 (2) (587 SE2d 364) (2003).

*Judgment affirmed. Ellington, J., concurs. Johnson, P. J., concurs in judgment only.*

DECIDED AUGUST 17, 2006.

*McDonald & Cody, Douglas W. McDonald, Jr.*, for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney*, for appellee.