A90A1649. POWELL v. THE STATE.
(402 SE2d 108)

COOPER, Judge.

Appellant was convicted by a jury of the crime of theft by receiving stolen property. He appeals from the denial of his motion for a new trial.

1. Appellant's first enumeration is that the trial court erred in denying his motion for a new trial because he lacked effective assis-

tance of counsel at his trial. Appellant was represented by retained counsel prior to and during his trial and in this appeal contends that counsel failed to present a defense at trial. Specifically, he first claims that his counsel did not call as a witness at trial a person that appellant wanted to testify in his behalf. Appellant argues that his attorney told him that his case would not be called for trial during the week that it was in fact called and as a result appellant did not have the witness present to testify. Appellant complains that his attorney did not interview the witness nor did he make arrangements to have the person present at trial. Appellant argues that the person's testimony would have been relevant to his main defense in the case — his denial of any knowledge that the goods were stolen. Next, appellant contends that his representation was ineffective because he was not called to testify on his behalf, over his wishes to do so. Therefore, according to appellant, there were no witnesses called at trial to testify on his behalf. Additionally, appellant states that no motions or requests to charge were submitted by his attorney, and that only a small portion of the trial transcript was elicited by appellant's attorney. Appellant further states that his counsel should have, but did not, move for a directed verdict. As a final example of his counsel's ineffectiveness, appellant cites the lawyer's failure to file a motion to suppress evidence which was obtained from his property as a result of the issuance of a search warrant. The affidavit in support of the warrant recited that the police had received an anonymous tip which led them to appellant's property. The officer's testimony at trial was consistent with the affidavit; however, at the pre-trial hearing, the officer stated that the tip that led them to appellant's property was given to them by the victim of the theft. Appellant contends that this inconsistency required the filing of a motion to suppress.

" 'To prove he has received ineffective assistance of counsel, "(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense." [Cits.] "Thus counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' " [Cit.]' [Cit.]" *Spivey v. State*, 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989). " ' "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." [Cit.] As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.)' [Cit.]" *White v. State*, 193 Ga. App. 428, 430 (2) (387 SE2d 921) (1989). The appellant's attorney testified before the trial court in the hearing on the motion for a new trial and provided reasonable explanations for the actions appellant argued were ineffective. The counsel's testimony revealed that the defense strategy was discussed with appellant and that, because they were basing their

defense on the strict legal argument that appellant had no knowledge that the goods were stolen, the lawyer did not think that the testimony of the witness suggested by appellant would be important enough to relinquish the final argument to the jury. The lawyer testified that, when asked by appellant if the case would be called in the week in which it was called, he answered that he did not expect it to be called because it was his understanding that other cases were in line to be called prior to appellant's case. The lawyer explained to appellant that his reasons for not calling any witnesses were based on his desire to have the final argument. The record reveals that appellant's counsel did interview several of the State's witnesses prior to trial and did review the prosecutor's file. He stated that he did not see any exculpatory material that would warrant filing a *Brady* motion. The lawyer explained that his decision not to call appellant to the stand was based on appellant's statement to him that appellant would not reveal who brought the property to his premises. The lawyer testified that appellant said he did know the property was stolen but that the "code of the mountain" dictated that he could not snitch on the person who brought it to him. The lawyer stated that appellant was unwilling to negotiate a guilty plea and therefore he advised appellant that the best defense was to require the State to prove appellant's knowledge that the property was stolen. The lawyer testified that appellant never specifically asked to testify in his behalf, yet in their discussions the lawyer told appellant that if he testified he would most probably be asked on the stand who brought him the vehicle and if he refused to answer, his case would be quite damaged. Since appellant was adamant in not divulging this information, the lawyer did not call him to the stand and the appellant did not then object to this strategy. The record shows that appellant's counsel did cross-examine witnesses and thereby attempted to defend appellant. Appellant shows no prejudice from the failure of his counsel to move for a directed verdict, especially in light of the denial of the motion for new trial in which the general grounds were asserted. As to the failure to file a motion to suppress, the lawyer indicated that he felt any inconsistency in the officer's testimony at the pre-trial hearing was clarified at trial. Our review of the affidavit, which appellant's counsel stated he reviewed, reveals that the officer himself observed identifiable stolen property on appellant's premises, and this information was included in the affidavit for the search warrant. Thus, the warrant was supported by information other than the allegedly conflicting testimony. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the de-

cisions made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]' [Cit.]" *Spivey*, supra at Division 3. Despite appellant's dispute with portions of his attorney's testimony, we find appellant's allegations of ineffective assistance of counsel to be without merit.

2. Appellant next asserts that the trial court erred in failing to grant his motion for a mistrial based upon remarks made by the State in closing argument. Although the transcript does not include the text of the closing arguments, appellant contends that the State impermissibly commented on appellant's failure to give an explanation to the officer for the presence of the goods on his property, after he had been given his *Miranda* rights. Appellee argues that such a comment was not made but that appellee did refer to the contents of the statement appellant gave to the officers. The record reveals only that a motion for a mistrial was made on the grounds that the prosecutor mentioned the lack of an explanation, and the court denied the motion. " ' "[T]he trial judge in passing upon a motion for mistrial on account of alleged improper argument . . . is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Cit.)' [Cit.]" *Martin v. State*, 193 Ga. App. 581, 587 (4) (388 SE2d 420) (1989). Further, " '[a]bsent a transcript, this court can only presume that this portion of the trial was conducted in a regular and proper manner. (Cit.) When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter. (Cit.)' [Cit.]" *Reedman v. State*, 193 Ga. App. 688, 689 (2) (388 SE2d 763) (1989). Thus, we conclude that the trial court did not abuse its discretion in denying the motion for a mistrial.

3. Appellant has submitted a supplemental brief containing an additional enumeration of error. "We . . . decline to consider this enumeration of error, based on the rule that enumerations of error may not be supplemented after the time for filing has expired." *Pupo v. State*, 187 Ga. App. 765, 768 (8) (371 SE2d 219) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Amy A. Petulla, Christopher A. Townley*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney*, for appellee.