## S92A0066. ANDERSON v. THE STATE.
(418 SE2d 39)

SEARS-COLLINS, Justice.

Wallace Anderson fatally shot Roger Shook on the evening of July 28, 1990. Anderson was convicted of felony murder and sentenced to life imprisonment.[1] We affirm.

Roger Shook had been living at the home of his uncle, J. W. Shook (J. W.), for approximately two weeks prior to the evening of the shooting. On the night of the shooting Shook arrived at J. W.'s trailer accompanied by Merrill "Shorty" Mathieson. When Shook and Mathieson arrived at the trailer, a party was in progress where nearly everyone had been drinking alcoholic beverages.

Mathieson argued with a member of the gathering and, as a result, Shook was asked to take Mathieson away, which he did. Before he left, Shook asked for and received permission to return to the party.

While Shook was taking Mathieson home, J. W., fearing a confrontation with Shook, asked Ralph Lovell to telephone Anderson and ask him to come to the trailer. When Shook returned from taking Mathieson home, J. W. asked him to vacate the trailer. Shook agreed and was in the process of moving his clothing from the trailer to his automobile when Anderson arrived. J. W. told his wife and daughter to go to a neighbor's home and telephone the police. While the women were calling the police, J. W. appeared and told them to instead call for an ambulance because Anderson had shot Shook.

When the ambulance arrived, the attendants found Shook's body lying face down between the trailer and his automobile. The police arrested Anderson, who claimed that the shooting was an accident. Anderson stated that upon arriving at the trailer, he noticed J. W. sitting on the trailer's porch and that a weapon was leaning against a wall near the door. After seeing the weapon, Anderson retrieved his rifle from his truck. He claimed that while he was walking toward Shook, who was ascending the porch stairs, Shook turned and lunged at him and began a scuffle over Anderson's rifle. It was during this struggle, Anderson claimed, that the rifle accidentally discharged and Shook was killed. There was no evidence that the victim was armed at any time during the evening.

---

[1] The crime occurred on July 28, 1990. The appellant was indicted for malice murder and felony murder on August 27, 1990. The appellant was tried by jury on November 12-14, 1990 and found guilty of felony murder on November 14, 1990. The appellant filed a motion for new trial on December 4, 1990 and an amended motion for new trial on March 11, 1991. The motions were denied on August 15, 1991. The appellant filed a notice of appeal on September 13, 1991. The case was docketed in the Court of Appeals on September 18, 1991 and transferred to this court on October 8, 1991. The record was docketed in this court on October 10, 1991 and the case was submitted without argument on November 22, 1991.

At trial, a state ballistics expert testified that Shook had been shot from behind with a 30-caliber rifle fired from a distance of 2 to 3 feet. The autopsy established that Shook had been shot once through the neck, with the bullet severing his spinal cord and causing his death. Anderson repeated his claim of accident. He elaborated, however, that when Shook was shot, the force of the bullet spun Shook around causing him to twist back and fall face down.

1. The evidence was sufficient to permit a rational trier of fact to have found Anderson guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Anderson alleges that the trial court's jury instruction on accident was erroneous because it failed to specifically inform the jury that the state had the burden of disproving accident beyond a reasonable doubt. We disagree.

If the trial court asks whether or not there are any exceptions to the charge, counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980). The record shows that Shook failed to object or reserve the right to object regarding the structure of the accident charge when the trial court asked if there were any disputes to the jury instructions as given. Accordingly, this enumeration of error has not been preserved for appellate review. *Allen v. State*, 260 Ga. 147, 148 (390 SE2d 848) (1990).

Even assuming that the issue was preserved for our review, there was no reversible error. The charge accurately conveyed to the jury the concept of reasonable doubt, did not relieve the state of its burden of proving all elements of the crime, *Francis v. Franklin*, 471 U. S. 307, 315 (105 SC 1965, 85 LE2d 344) (1985), and adequately set out the law. *Boyd v. State*, 253 Ga. 515, 518 (322 SE2d 256) (1984).[2]

3. Anderson urges that his conviction be reversed because the trial court erred by instructing the jury that self-defense is not a defense to felony murder. While we have rejected such a charge in certain circumstances, *Heard v. State*, 261 Ga. 262 (403 SE2d 438) (1991), given Anderson's failure to object to the charge, and the fact

---

[2] With respect to the defense of accident the trial court charged the jury:
Now Ladies and Gentlemen, no person shall be found guilty of any crime committed by misfortune or accident, where there was no criminal scheme or undertaking or intention. An accident is an event that takes place without one's foresight or expectation, that which takes place or begins to exist without design.
If you find from the evidence in this case that the incident which is the subject matter of this case occurred as a result of misfortune or accident, then it would be your duty to acquit the defendant. Any evidence as to misfortune or accident should be considered by the jury in connection with all the other evidence in the case, and if in so doing, the jury should entertain a reasonable doubt as to the guilt of the accused, it would be your duty to acquit him.

that his only plea was a claim of accident, the charge, here, does not constitute reversible error.

As noted above, the trial court gave its instructions to the jury and then asked if either the State or Anderson disputed the charges. At that opportunity, Anderson objected to the trial court's refusal to give four of his requested charges, but never reserved the right to object to the instruction that self-defense is not a defense to felony murder. Thus, under *Allen*, 260 Ga. at 148, this enumeration is not preserved for appellate review.

Additionally, the charge does not amount to reversible error. Anderson's sole claim at trial was that the shooting was accidental. Anderson neither requested a charge on self-defense nor did the court give a general charge on self-defense. Given that the jury was properly charged regarding the accident claim raised by Anderson at trial, "it is highly probable that the error did not contribute to the judgment," *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), and the isolated charge was not harmful.

4. Anderson asserts that the trial court gave a faulty instruction relating to the state's requested charge on provocation. Provocation is relevant, among other things, as an element of voluntary manslaughter. OCGA § 16-5-2; *Hambrick v. State*, 256 Ga. 688, 689 (353 SE2d 177) (1987). As noted above, Anderson's sole claim was that Shook's death was accidental. Anderson never claimed that he was provoked, nor did he raise a claim of voluntary manslaughter. The isolated provocation charge was surplusage, and was harmless error in light of the proper charge given by the trial court on Anderson's stated claim of accident.

5. In his final enumeration of error, Anderson claims that he received ineffective assistance of counsel in that his counsel failed to request a jury instruction on voluntary manslaughter. The standard for evaluating claims of ineffective assistance of counsel was announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), and adopted by this court in *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985). Under that standard there is a two-part test: " 'First the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense.' " Id. at 783.

The record shows that, upon consideration of Anderson's allegation of ineffective assistance of counsel, contained in his motion for new trial, the court found that Anderson's trial counsel fully apprised him of the law relating to the lesser offenses of voluntary and involuntary manslaughter. The court further found that Anderson made a voluntary, informed decision not to request jury instructions on either of those lesser offenses, because Anderson believed that he stood a better chance of acquittal if the jury was not offered the possibility of

a compromise verdict. The exercise of professional judgment on the part of Anderson's counsel and Anderson's individual decision to forego a request that the trial court give jury instructions on the lesser offenses to murder do not comprise deficient performance as envisioned under the first prong of our ineffective assistance of counsel standard. Thus, Anderson has failed to surmount the requisite threshold consideration and, consequently, his claim of ineffective assistance of counsel is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1992.

*Douglas L. Henry, for appellant.*

*Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney, for appellee.*