## S93A0460. LAMB v. THE STATE.
(428 SE2d 349)

HUNT, Presiding Justice.

Mark Steven Lamb was convicted of felony murder and possession of a firearm during the commission of a crime.[1] He appeals. We affirm the judgment but remand for findings concerning his claim of ineffective assistance of counsel.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There was no fatal variance between the allegations of the indictment and the evidence presented at trial. See generally *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969).

3. Lamb's contention that a sequential homicide charge similar to that criticized in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), amounted to reversible error is meritless because the evidence did not authorize consideration of voluntary manslaughter as a possible verdict.

4. The defendant claims that he did not receive effective assistance of counsel because of circumstances which resulted in a conflict of interest for his attorney. Because this claim is raised for the first time on appeal, we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).

5. The defendant's remaining enumerations of error are without merit.

*Judgment affirmed and case remanded. All the Justices concur.*

DECIDED APRIL 12, 1993 —
RECONSIDERATION DENIED MAY 6, 1993.

*Charles R. Sheppard*, for appellant.

*Daniel J. Craig, District Attorney, Daniel W. Hamilton, J. Wade Padgett, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mat-*

---

[1] The homicide occurred on February 2, 1991. Lamb was found guilty of felony murder, with aggravated assault as the underlying felony, and possession of a firearm during the commission of a crime on June 12, 1992; he was sentenced to life imprisonment for felony murder and five years imprisonment for possession of a firearm during the commission of a crime, sentences to run consecutively. His motion for a new trial was filed on June 15, 1992, and denied on November 23, 1992. The defendant filed his notice of appeal in this Court on December 9, 1992. The appeal was docketed on December 18, 1992, and submitted for decision on briefs on January 29, 1993.

*thew P. Stone, Staff Attorney,* for appellee.