## S96A1911. LAMB v. THE STATE.
(479 SE2d 719)

HUNSTEIN, Justice.

Gregory Michael Lamb, his brother Mark Lamb, Bobby Boysworth and Rhonda Herrington were indicted in the beating death of Williford Eugene Williamson.[1] Lamb was found guilty of felony murder and possession of a firearm during the commission of a crime. The trial court denied his motion for a new trial and he appeals.[2]

1. The jury was authorized to find that the victim kept $50 Mark Lamb had given him for the purchase of drugs and that appellant, armed with a weapon, joined his brother in an unsuccessful search for the victim. A few days or weeks later, appellant spotted the victim at a local nightclub and arranged with Herrington to keep the victim occupied while appellant contacted Boysworth and Mark Lamb. The intoxicated victim joined Herrington in a car driven by Boysworth; the Lambs and witness Capri Pope followed in another car. With the help of his co-defendants, appellant pulled the victim out of the car and beat, kicked, and stabbed the victim for a two to ten minute period. The victim was also shot once in the leg with appellant's

---

[1] Herrington was given immunity from prosecution in exchange for her testimony. The convictions of Mark Lamb and Boysworth for felony murder and possession of a firearm during the commission of a crime were affirmed by this Court in *Lamb v. State*, 263 Ga. 118 (428 SE2d 349) (1993) and *Boysworth v. State*, 263 Ga. 383 (435 SE2d 218) (1993).

[2] The crimes occurred on February 2, 1991. Lamb was indicted December 3, 1991 in Richmond County on charges of murder, felony murder based on aggravated assault, possession of a firearm during commission of a crime and possession of a firearm by a convicted felon. On June 12, 1992, Lamb was found guilty of felony murder and firearm possession during commission of a crime, pled guilty to firearm possession by a convicted felon, and was sentenced to life imprisonment on the felony murder charge and two consecutive five-year terms on the possession charges. His motion for new trial, filed July 9, 1992 and amended December 2, 1992 and June 8, 1993, was denied on July 16, 1996. A notice of appeal was filed on August 7, 1996. The appeal was docketed in this Court on August 27, 1996 and was orally argued on November 19, 1996.

semi-automatic gun and an attempt was made to set his shirt on fire. The victim was left in the parking lot where his body was found the next morning. He died of blunt trauma to the brain caused by a flat object, such as a fist or shoe.

We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's first, second and fourth enumerations of error were considered by this Court in ruling upon co-defendant Mark Lamb's appeal and were decided adversely to appellant's contentions in the instant appeal. *Lamb v. State*, 263 Ga. 118 (2), (3) (428 SE2d 349) (1993).

3. Appellant asserts that he was denied a fair trial because of ineffective assistance of trial counsel. Applying the standard for evaluating a claim of ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), our review of the record reveals that the trial court correctly concluded that appellant failed to show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense. See *Stephens v. State*, 265 Ga. 120 (2) (453 SE2d 443) (1995).[3]

4. This Court has considered and rejected the argument that a defendant is entitled to a charge on misdemeanor involuntary manslaughter where he claims he acted in self-defense. See *Saylors v. State*, 251 Ga. 735 (3) (309 SE2d 796) (1983). Accordingly, the trial court did not err by denying appellant's request to charge on this issue.

5. We find no error in the trial court's denial of appellant's pretrial motion to dismiss the indictment made on the basis that comments allegedly made by the district attorney to the news media constituted prosecutorial misconduct.[4] Appellant has not shown and the

---

[3] Appellant contends trial counsel was ineffective for failing to make motions to change venue, sever the trials, disqualify the district attorney, and to quash the indictment; for failing to inspect the State's file, investigate certain witnesses, and obtain a mental evaluation of appellant; and for failing to adduce evidence or call witnesses at trial, impeach the trial testimonies of Pope and Herrington, object to blackboard usage and argument by the prosecutor, and request certain jury instructions. Appellant has failed to show whether the proposed motions would have been successful or would have changed the outcome of the trial; as to the pre-trial matters, counsel testified he reviewed the State's file, took steps to investigate some witnesses and considered others not relevant to the case, and had no indication from appellant that his ability to assist counsel was impaired in any manner; and as to counsel's conduct at trial, appellant's claims were either not supported by the record, not warranted by the evidence adduced, or reflected tactical decisions based on the parallel defenses conducted by counsel for all the defendants.

[4] The record reflects that the trial court in April 1995 denied appellant's motion to have

record does not reveal how the alleged misconduct prejudiced his right to a fair trial. See *Jordan v. State*, 247 Ga. 328 (1) (276 SE2d 224) (1981); *United States v. Morrison*, 449 U. S. 361 (101 SC 665, 66 LE2d 564) (1981). See also *Robinson v. State*, 200 Ga. App. 515 (1) (408 SE2d 820) (1991).

6. After oral argument was heard in his appeal, appellant, purporting to have discharged his appellate counsel, filed pro se in this Court a brief raising additional enumerations of error. Because these enumerations are untimely, they will not be considered. *Brooks v. State*, 265 Ga. 548 (8) (458 SE2d 349) (1995); *Arkwright v. State*, 223 Ga. 768, 769 (158 SE2d 370) (1967).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Martin C. Puetz, George D. Bush,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, William C. Davison, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

---

the hearing on the pre-trial dismissal motion transcribed.