S00A1165. ROBINSON v. THE STATE.
(533 SE2d 718)

HUNSTEIN, Justice.

Lawrence Robinson was convicted of murder and other crimes arising out of the stabbing death of Patricia Moore and the sexual assault of Moore's niece, M. L. He appeals from the denial of his

motion for a new trial.[1]

1. The evidence adduced at trial authorized the jury to find that Patricia Moore was at home with two nieces, Tiffany and 12-year-old M. L., when appellant and a friend came by to get money from the room of another niece, Octavia, whom appellant was dating. M. L. went with appellant to the room where appellant began "rubbing" on her and kissing her. After M. L. rebuffed appellant's advances, he and his friend left and drove to the home of appellant's brother. Appellant borrowed the friend's car, visited another friend, and left her home around 6:00 a.m. M. L., who was sleeping in Octavia's room, awoke in the early morning to find appellant in the room. He began kissing her and when the child tried to leave, appellant threw her on the bed and had sexual intercourse with her, then followed her out into the hallway where he performed an act of cunnilingus on her. Afterwards, M. L. went downstairs to use the bathroom at which time she saw that Moore was asleep. M. L. returned to another sister's room upstairs where shortly thereafter she and her sister heard Moore scream. When Moore called to them, they went downstairs and found Moore bleeding profusely from multiple stab wounds on her face and hand. The attack occurred at approximately 6:30 a.m. Moore died from respiratory and cardiac failure caused by loss of blood. Expert testimony established that she had been stabbed seven times and had a cut on her right hand probably sustained during a defensive attempt to grab the knife blade. Although she was not an eyewitness to Moore's attack, M. L. identified appellant to police as the attacker and later revealed appellant's sexual assault on her. Appellant contacted police to say he wanted to turn himself in; he subsequently gave an audiotaped confession in which he told police that M. L. voluntarily took his erect penis and put it in her vagina and that after Moore came at appellant with a knife, he took the weapon from her and she voluntarily and repeatedly threw herself upon the knife as appellant held it.

The evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307

---

[1] The crimes occurred on June 14, 1996. Robinson was originally indicted February 4, 1997 and later reindicted August 29, 1997 in Fulton County on charges of murder, aggravated assault on Patricia Moore, felony murder based on that aggravated assault, rape, statutory rape, aggravated child molestation and burglary. He was found guilty of all charges except the burglary on December 27, 1997. The verdict was filed March 23, 1998 and Robinson was sentenced that day to two consecutive terms of life imprisonment on the murder and rape charges and twenty years on the statutory rape and aggravated child molestation charges, to run concurrently with the life sentences. His motion for new trial, filed April 2, 1998 and amended October 18, 1999, was denied November 3, 1999. A notice of appeal was filed November 8, 1999. The appeal was docketed March 31, 2000 and was submitted for decision on the briefs.

(99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by failing to give the jury his requested charges on voluntariness of confessions and that this error requires reversal because voluntariness of confession was appellant's sole defense. See *Tarvestad v. State*, 261 Ga. 605 (409 SE2d 513) (1991) (defendant's sole defense must be charged even when not requested).[2] We reject appellant's contention that an accused can defend against a criminal charge on the basis that a confession was not voluntary. The voluntariness of a confession relates to its admissibility as evidence at trial. OCGA § 24-3-50. A defense to a criminal charge is a defendant's "stated reason why the . . . prosecutor has no valid case." Black's Law Dictionary (7th ed.), p. 430 (1999). See also 22 CJS Criminal Law § 46 (defense negates the culpability of the accused). Appellant cites to, and we have found, no authority to support his contention that the voluntariness of a confession qualifies as a defense to a criminal charge. See, e.g., OCGA § 16-3-1 et seq.; Molnar, Ga. Criminal Law (6th ed.), Defenses, p. 88, § 4-1 et seq. See also 21 AmJur2d Criminal Law, Defenses, § 216 et seq.; 22 CJS, supra, § 46 et seq.

Although the trial court should have given appellant's requested charges on the subject of the voluntariness of a confession,[3] in light of the overwhelming evidence at trial as well as the evidence establishing that appellant's confession was voluntary, see Division 4, infra, we find no reversible error in the omission of the charges.

3. Appellant contends the trial court's charge on child molestation erroneously failed to limit the jury's consideration to the manner of committing the crime as charged in the indictment. Appellant was indicted on a charge of aggravated child molestation based on appellant touching the victim's sexual organ with his tongue "with the intent to arouse and satisfy his sexual desires, said act involving an act of sodomy." Although OCGA § 16-6-4 (c) sets forth two methods of committing aggravated child molestation, the trial court in this case uncontrovertedly charged the jury solely with the relevant method, i.e., aggravated child molestation based on an act of sodomy. The trial court also gave a charge defining child molestation, which tracked the statutory language of OCGA § 16-6-4 (a) regarding the commission of an act that arouses the sexual desires "of either the child or the person." Appellant contends this language improperly expanded

---

[2] As the State correctly notes, *Tarvestad* is inapplicable because the record reveals that appellant requested and a charge was given on alibi and the transcript establishes that appellant presented testimony from an alibi witness.

[3] The transcript reveals that at the charge conference the trial court agreed to give the requested charges. The omission thus appears to have been inadvertent. Appellant did not bring the omission to the court's attention and instead reserved objections to the charge.

the indictment by authorizing the jury to convict him based on the arousal of the victim's desires rather than his own. However, the giving of this definitional charge was proper, see *Toles v. State*, 202 Ga. App. 815 (3) (415 SE2d 531) (1992), and there could be no error since appellant was not indicted on a charge of child molestation or convicted thereof and was instead convicted of aggravated child molestation.[4] Accordingly, we find no merit in appellant's contention that he was convicted of a crime in a manner not charged in his indictment. See generally *Childs v. State*, 257 Ga. 243 (17) (357 SE2d 48) (1987).

4. Appellant contends the trial court erred by denying his motion to suppress his statement. Appellant first argues that the statement was inadmissible because it was obtained by a threat of an increased punishment, in violation of OCGA § 24-3-50. A review of appellant's statement reveals that the interrogating officer told appellant that "[y]ou are lying. You are making it a whole hell of a lot worse on yourself. You are hanging yourself with your lies. Don't do it." The officer also told appellant that the jury at his trial after hearing "all the evidence that [the officer has] and you start giving them this statement, it is just going to hang you."

In the context of the interrogation, there was no reasonable possibility that appellant would have considered the officer's comments to constitute a "veiled threat" and we find instead that the challenged words could only have been construed as the officer's assessment that appellant was destroying his credibility and imperiling his claim of innocence by insisting on a version of the facts which was so dramatically contrary to the evidence gathered by the police. Accordingly, we do not find clearly erroneous the trial court's rejection of appellant's claim that his statement was impermissibly obtained by threat.

Appellant also asserts that even if the confession was voluntarily given, his waiver of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) was neither knowing nor intelligent due to his ingestion of alcohol, his fatigue, and his mental retardation. Based on our review of the record, we disagree. The evidence established that appellant was arrested at 8:00 a.m. He was placed in a holding room and it was not until eight and a half hours later that he was read his rights and interrogated. The veteran officer who questioned appellant testified that he appeared to be sober, could read, did not appear to be "on the slow side," understood what was happening and indicated that he understood his rights. Appellant made no assertion of fatigue during the hour-long interview, which concluded around 3:30 p.m.

---

[4] We note that the trial court also gave an instruction limiting the jury's consideration to the charges as read to the jury in the indictment.

The fact that an individual may be moderately retarded is not alone sufficient to exclude his statement, *Moody v. State,* 205 Ga. App. 376 (1) (422 SE2d 70) (1992), and the trial court was entitled to credit the interrogating officer's assessment of appellant's sobriety and general demeanor. Although appellant claims that the video-taped interview contained frequent "suspicious" breaks, the officer testified without contradiction that the tape was not altered in any way and gave reasonable explanations for the breaks. The confession when viewed as a whole fails to support appellant's claim that there were enough suspicious breaks and coerciveness as to render the confession involuntary and thus inadmissible. Instead, we find the trial court's determination that appellant's statement was knowingly and intelligently made was not clearly erroneous. See generally *Brown v. State,* 262 Ga. 833 (6) (426 SE2d 559) (1993).

5. The trial court admitted an unredacted videotape interview of M. L. in which M. L. related being told about appellant "snorting powder" and driving a stolen car. During cross-examination of M. L. prior to the admission of the tape, defense counsel questioned M. L. about the stolen car hearsay statement and clarified that M. L. had no personal knowledge or proof to support her statement. The trial court subsequently admitted the unredacted tape, including the reference to "powder," finding that the reference was an integral part of the stolen car hearsay statement and that the defense had thus opened the door to the statement during M. L.'s cross-examination. The trial court also noted that M. L. had made no specific reference to cocaine.

Appellant contends that the admission of the unredacted video-taped statement[5] impermissibly placed his character into evidence. Pretermitting the question whether the cross-examination of M. L. authorized the introduction of the challenged language, we find that the admission of this testimony was harmless in light of the over-whelming evidence of appellant's guilt.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Tara L. Kneller,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna*

---

[5] We note that a transcription of the videotaped interview was not included in the record and appellant failed to make application for the transmission of the original tape to this Court. See Supreme Court Rule 71 (1). However, we chose to exercise our discretion to order the trial court to transmit the videotape to this Court "to bring about a decision on the merits of [the] case appealed and to avoid . . . refusing to consider any points raised therein" in accordance with the Appellate Practice Act. OCGA § 5-6-30.

E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General, for appellee.