## S01A0507. PITTMAN v. THE STATE.
### (546 SE2d 277)

HUNSTEIN, Justice.

A jury found James Pittman guilty of malice murder, felony murder and aggravated assault. He appeals the denial of his motion for new trial, and we affirm.[1]

1. The evidence presented at trial showed that on the evening of May 25, 1996, an eyewitness saw appellant who was armed with a sawed-off shotgun shoot at the victim, Michael Tolbert. Appellant then chased the victim until the victim surrendered, and shot him once in the chest. Appellant admitted shooting the victim, but claimed that he did so in self-defense. Viewed to support the jury verdict, we find the evidence adduced at trial was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred in its instruction to the jury on malice murder and voluntary manslaughter, arguing that the instruction improperly required the jury to unanimously agree on the greater offense before considering the lesser included offense. The record reveals that the jury was instructed on the elements of malice murder, then charged on the elements of voluntary manslaughter, and thereafter instructed on felony murder and aggravated assault. The court later charged the jury on the form of the verdict and gave the suggested pattern jury instruction on a unanimous verdict. The jury instructions did not require unanimity with respect to the greater offense before consideration of the lesser included offense, a procedure prohibited by *Cantrell v. State,* 266 Ga. 700 (469 SE2d 660) (1996). The instructions merely required a unan-

---

[1] The crimes occurred on May 25, 1996. Appellant was indicted on October 8, 1996 for malice murder, felony murder, aggravated assault, possession of a firearm by a convicted felon and possession of a firearm during the commission of a crime. The State dead-docketed one of the possession charges and elected not to pursue the other possession charge after it had been bifurcated from the remaining counts. Appellant was tried before a jury on January 21-22, 1999 and found guilty on all counts. His conviction for felony murder was vacated by operation of law and one count of aggravated assault merged as a matter of fact. He was sentenced to life in prison. His motion for new trial was filed on February 1, 1999, amended on April 7, 2000, and denied on May 12, 2000. A notice of appeal was timely filed on May 6, 2000, docketed in this Court on December 21, 2000, and submitted for decision without oral argument.

imous verdict as a whole. See *Camphor v. State*, 272 Ga. 408 (6) (d), fn. 5 (529 SE2d 121) (2000). Accordingly, there is no error.

3. Appellant contends that the trial court improperly admitted evidence of appellant's bad character by appellant's cousin, Deborah Edwards. On cross-examination Edwards was allowed to testify that she told police investigating the crime that she had requested that someone check on appellant to make sure he is "not saying anything to provoke a fight." Pretermitting the question whether the cross-examination of the witness was relevant even though it may have placed appellant's character into evidence, we find that the admission of this testimony was harmless in light of the overwhelming evidence of appellant's guilt. *Robinson v. State*, 272 Ga. 752 (5) (533 SE2d 718) (2000).

4. After the time for filing a brief and enumerations of error, appellant filed a motion to be permitted to supplement his enumeration of errors to assert error in the failure of the trial court to charge on intent. Although appellant urges that the trial court's failure to instruct the jury sua sponte on the standard jury charge on intent constitutes "plain error," the record reveals that appellant reserved his right to object to the jury charges on appeal, see *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980), which causes no procedural bar to appellate review. Compare *Anderson v. State*, 262 Ga. 331 (2) (418 SE2d 39) (1992) (the failure to either object to the jury charge or to reserve the right to object normally amounts to a procedural bar to appellate review). Therefore, any allegation of error need not be reviewed under the plain error standard.[2] Nonetheless, under the circumstances of this case, and in the interest of judicial economy, we grant the motion to supplement because the additional enumeration of error raises an issue which could materially affect the fair trial rights of the appellant and causes no delay in the disposition of this case. A review of the record shows that the trial court instructed the jury as to the presumption of innocence, reasonable doubt, malice murder and felony murder and a further instruction was given concerning the distinction between malice and felony murder with regard to the intent to kill. It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error. *Camphor v. State*, supra at 408 (6) (b). Inasmuch as the trial court instructed the jury on the applicable legal

---

[2] To constitute plain error the error urged must be so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding. *Lynd v. State*, 262 Ga. 58, 61 n. 2 (414 SE2d 5) (1992). In any event, this Court limits the rule's application to capital cases and to all criminal cases in which there is alleged to be a violation of OCGA § 17-8-57 (error for a judge in any criminal case to intimate an opinion of guilt of the accused). *Paul v. State*, 272 Ga. 845 (537 SE2d 58) (2000).

principles, we cannot conclude that the omission of the pattern charge on intent was harmful as a matter of law.

*Judgment affirmed. All the Justices concur, except Carley and Hines, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I concur in Divisions 1, 2, and 3, and in the judgment of affirmance. I write separately because, in my opinion, this Court should not consider the untimely enumeration of error which the majority addresses in Division 4. Pittman first raised that enumeration in a motion to supplement his appellate brief filed more than two and one-half months after he filed his original brief and enumeration of errors.

This Court consistently refused to consider untimely enumerations of error under our former Rule 39, which required the enumerations to be filed as a separate part of appellant's brief within 20 days after the case is docketed in this Court. *Lewis v. State*, 262 Ga. 679, 681 (3) (424 SE2d 626) (1993); *Hullender v. State*, 256 Ga. 86, 91 (5) (344 SE2d 207) (1986). See also *Brooks v. State*, 265 Ga. 548, 551 (8) (458 SE2d 349) (1995); *Trenor v. State*, 252 Ga. 264, 267 (8) (313 SE2d 482) (1984). Likewise, the Court of Appeals, with a similar rule, has repeatedly declined to consider untimely enumerations of error. *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000); *Lane v. State*, 239 Ga. App. 230 (1) (520 SE2d 705) (1999); *Wallace v. State*, 216 Ga. App. 718, 721 (6) (455 SE2d 615) (1995); *McGraw v. State*, 199 Ga. App. 389 (405 SE2d 53) (1991); *Powell v. State*, 198 Ga. App. 509, 512 (3) (402 SE2d 108) (1991). Only in death penalty cases have we permitted review of assertions of error not timely enumerated as error, and then solely in instances of plain error. *Hittson v. State*, 264 Ga. 682, 690-691 (15) (449 SE2d 586) (1994), overruled on other grounds, *Nance v. State*, 272 Ga. 217, 220 (2), fn. 2 (526 SE2d 560) (2000); *Lynd v. State*, 262 Ga. 58, 60-61 (8) (414 SE2d 5) (1992).

In 1995, this Court amended and renumbered the applicable rules, as follows:

> The enumeration of errors shall be stated as a separate part of, and shall be incorporated in, the brief. One separate and additional copy of the enumeration of errors . . . shall also be filed at the time of the filing of the briefs.

Supreme Court Rule 20. Rule 12 preserves the requirement that appellant's brief be filed within 20 days after the case is docketed. When read together, our current rules still require the filing of enumerations of error within 20 days after docketing. Thus, since the 1995 amendments, this Court has continued to refuse to consider

supplemental enumerations of error which are filed in an untimely manner. *Harrison v. State*, 268 Ga. 574, 578 (5) (492 SE2d 218) (1997); *Lamb v. State*, 267 Ga. 464, 466 (6) (479 SE2d 719) (1997); *Smith v. State*, 267 Ga. 372, 377 (12) (477 SE2d 827) (1996); *Fargason v. State*, 266 Ga. 463, 466 (6) (467 SE2d 551) (1996). The only provision in our rules for additional enumerations applies where "a record is supplemented pursuant to OCGA § 5-6-41 (f) or § 5-6-48 (d)." Supreme Court Rule 25. That circumstance is not present in this case. Supreme Court Rule 24, which permits the filing of supplemental briefs, does not allow the amendment or supplementation of the enumeration of errors after the time for filing the initial brief has expired. See *Parrish v. State*, 237 Ga. App. 274, 284 (11) (514 SE2d 458) (1999); *Getty v. State*, 202 Ga. App. 490, 491 (2) (415 SE2d 29) (1992). Otherwise, an appellant could easily delay the appellate process and endanger Georgia's constitutionally mandated "two-term" rule.

I believe that this Court's rules and controlling case law require it to deny the motion to supplement appellant's brief, and to refrain from addressing the additional enumeration contained therein.

I am authorized to state that Justice Hines joins in this opinion.

DECIDED MAY 7, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.