S04A0357. CORMIER v. THE STATE.
(592 SE2d 841)

THOMPSON, Justice.

John Brice Cormier, Jr. was convicted of malice murder, aggravated assault, and various sexual offenses stemming from the murder of Petra Franklin and the assault on Kesha McBrayer.[1] On appeal, Cormier asserts that he was denied effective assistance of trial counsel. Finding no error, we affirm.

Viewed in favor of the verdict, the evidence showed that Cormier visited the home occupied by the two women victims. During the course of the evening, the women began to dance and Cormier attempted to join in and dance with Franklin. However, Franklin

---

[1] The crimes took place on December 20, 2000. On January 24, 2002, Cormier was charged in an eight-count indictment with malice murder, felony murder while in the commission of an aggravated assault, aggravated assault (two counts), aggravated sodomy, aggravated sexual battery (two counts), and criminal attempt to commit rape. After trial held on November 18-21, 2002, Cormier was found guilty of all counts. He was sentenced on the same day to life imprisonment for malice murder, plus consecutive terms for aggravated assault and the sexual offenses. Cormier filed a timely motion for new trial, which was amended on March 21, 2003, and denied on May 6, 2003. A notice of appeal was filed on May 20, 2003. The case was docketed in this Court on October 30, 2003, and submitted for a decision on briefs on December 22, 2003.

refused to dance with him, and she sat down in the living room. Cormier approached her and the two engaged briefly in conversation. Suddenly, Cormier produced a pistol and began shooting Franklin. When McBrayer asked him what was wrong, he replied, "This is for the mother fucker trying to play me," and he proceeded to fire a final shot into Franklin's head. She sustained a total of four gunshot wounds and she died from her injuries.

Cormier then took McBrayer into a bathroom where he reloaded the gun. In the process, he placed the gun on the sink and McBrayer was able to grab it. Cormier slammed McBrayer against a wall, but she managed to run to the living room where Cormier caught up with her and regained possession of the weapon. He then dragged her at gunpoint into a back bedroom where he repeatedly sodomized her and attempted sexual intercourse with her, all against her will. Thereafter, she escaped through the front door to a neighbor's home and summoned the police.

1. The evidence was sufficient to enable a rational trier of fact to find Cormier guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cormier claims he was denied effective assistance of trial counsel. In order to prevail on such a claim, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Tarvin v. State*, 277 Ga. 509 (591 SE2d 777) (2004); *Doctor v. State*, 275 Ga. 612 (5) (571 SE2d 347) (2002).

(a) Cormier claims that due to the "bizarre" nature of the crime, trial counsel should have been alerted to a mental illness defense, and that counsel was deficient in failing to conduct a mental evaluation. It was shown at the hearing on the motion for new trial that trial counsel had practiced exclusively in the area of criminal defense for many years and had routinely tried about ten cases per year. He spent up to 16 hours with Cormier in preparation for trial, thoroughly investigated the case by reviewing "every piece of evidence" in the State's file, and had extensive discussions with the prosecution. When asked why he did not have Cormier evaluated by a psychologist or psychiatrist, counsel replied that no mental health issues were triggered, that Cormier was able to assist in his defense, and that family members did not raise any mental health concerns. Counsel testified that he certainly would have requested a mental evaluation had there been any reason to pursue such a defense. We deem this response as a reasonable tactical decision a competent attorney would have made under the circumstances. See *Slade v. State*, 270 Ga. 305 (2) (509 SE2d 618) (1998). Nor has Cormier car-

ried his burden of establishing prejudice. No mental evaluation was offered during the hearing on the motion for new trial; therefore, Cormier failed to show that further investigation would have established a valid psychiatric defense. Speculation is insufficient to satisfy the prejudice prong of *Strickland,* supra. See *Morgan v. State,* 275 Ga. 222 (10) (564 SE2d 192) (2002) (trial counsel's alleged omission cannot be deemed prejudicial where defendant has not shown that the omitted evidence would have been favorable to his defense). See also *Lamb v. State,* 267 Ga. 464, 465 (3), n. 3 (479 SE2d 719) (1997).

(b) Cormier contends that trial counsel was ineffective because he failed to object to the prosecutor's closing argument, as follows: "You're in court not as individuals but as members of the state government representing the people of Cobb County." Even assuming without deciding that counsel should have objected to the prosecutor's comment, there was absolutely no showing of prejudice. The prosecutor further argued: "You owe [the defendant] the same thing you owe the State of Georgia, a verdict that speaks the truth." As the trial court correctly determined, "no evidence has been presented by defendant showing that [trial] counsel's failure to object to such comment was outcome determinative" under the second prong of *Strickland,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2004.

*Nicholas Pagano,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Amelia G. Pray, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General,* for appellee.