S06A0664. PETERSON v. THE STATE.
(635 SE2d 132)

MELTON, Justice.

Allen James Peterson was convicted of felony murder and sentenced to life imprisonment for the shooting death of Dyniesha Smith. He appeals from the denial of his motion for a new trial.[1] Finding no reversible error, we affirm.

---

[1] The crimes occurred on May 24, 2004. Appellant was indicted August 23, 2004 in DeKalb County and charged with malice murder, felony murder and aggravated assault. He was tried and found guilty of felony murder and aggravated assault on March 24, 2005. The trial court merged the conviction for the aggravated assault into the felony murder count and sentenced

1. The evidence authorized the jury to find that, on the day of the crimes, appellant and Smith, his 15-year-old girlfriend, were together in appellant's parents' home. The shooting occurred during an argument about appellant's involvement with another girl. Appellant's mother, who was in the house during the incident, heard a "pop" just before appellant yelled for assistance. When the mother entered appellant's bedroom, she saw Smith lying on the floor with a fatal injury to her eye. Appellant and his father drove Smith to the hospital, and, on the way, appellant threw the handgun used in the shooting into a lake. Smith died as a result of the gunshot wound.

Upon initial questioning at the hospital, appellant told police that Smith had been shot by an unidentified perpetrator who committed a drive-by shooting. As a result of this information, the police took appellant and his father to the police station in order to interview them about the incident while their vehicle was processed as part of the investigation into appellant's claim of a drive-by shooting. Lacking evidence to support the claim of a random shooting, the police advised appellant of his constitutional rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Appellant then gave a statement to the police in which he blamed the shooting on a family acquaintance known as "Big Man." Ultimately, during his trial testimony, appellant took responsibility for shooting Smith, but claimed that the shooting was the result of an accident and that Smith's injury was inflicted when he tried to "unjam . . . the handgun [and it] just went off."

We conclude that the evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that his statement made to the police after he was advised of his *Miranda* rights was improperly admitted because it was induced by the fear of injury; namely, the investigating officer's screaming and chair-kicking during the interrogation. After conducting a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court admitted appellant's custodial statement. The resolution of factual issues by the trial court at the *Jackson-Denno* hearing will be upheld by the appellate court unless it is clearly erroneous. See *J. E. W. v. State*, 256 Ga. 464 (2) (349 SE2d 713) (1986). Our review of the interrogation reveals that, after the investigating officer noted a conflict in the original report by

appellant to life imprisonment. Appellant's motion for new trial, filed April 21, 2005, was denied October 26, 2005. A notice of appeal was filed November 22, 2005, the appeal docketed December 20, 2005, and submitted for decision on the briefs.

appellant of a drive-by-shooting, the officer advised appellant of his rights. Because appellant contended that he could not read or write well, the *Miranda* warnings were first read aloud to appellant and then he was permitted to read and initial each right and to sign the waiver form. Appellant's mother was present during the interrogation. The trial court determined that contrary to appellant's assertion, the statement given to the police was not the result of threats or intimidation and that the interrogation tactics utilized by the detectives "were no more than are ordinarily employed in questioning suspects." Under the circumstances, we find no merit in appellant's assertion that the statement should have been suppressed. See generally *Robinson v. State*, 272 Ga. 752 (4) (533 SE2d 718) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Leonora Grant, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.