## S09A0275. WILKINS v. THE STATE.

(675 SE2d 18)

SEARS, Chief Justice.

The appellant, Edward Wilkins, Jr., appeals from his convictions for three counts of murder stemming from the shootings of Charles Bolden, Jonandrea Wiggins, and Jan Pringle, one count of aggravated assault stemming from the shooting of Tracy Grayman, and four counts of the possession of a firearm during the commission of a felony.[1] On appeal, Wilkins contends that the trial court erred in admitting into evidence a statement he gave to the police and that the evidence is insufficient to support his convictions. These contentions, however, are without merit, and we affirm.

1. The evidence shows that, over a fourteen-month span, the four victims, who were working as prostitutes, were each shot numerous times in the same general neighborhood in Savannah, Georgia. Bolden,[2] Wiggins, and Pringle died from their injuries, but Grayman survived. Forensic evidence established that the dozens of shell casings and bullets recovered from the crime scenes and the victims' bodies were fired from a Ruger 9mm handgun owned by Wilkins. Moreover, two condoms discovered at two of the crime scenes contained DNA evidence matching Wilkins's DNA. Grayman

---

[1] The crimes occurred on October 15, 1999, July 15, 2000, November 26, 2000, and December 25, 2000. On September 24, 2003, Wilkins·was indicted on three counts of malice murder and one count of aggravated assault. On January 3, 2007, a superseding indictment charged the same four crimes plus three counts of felony murder, four counts of the possession of a firearm during the commission of a felony, and one more count of aggravated assault. On February 1, 2007, a jury found Wilkins guilty on three counts of malice murder, the four possession counts, and on the two aggravated assault counts (both against Grayman). The jury did not return a verdict on the felony murder counts. On February 5, 2007, the trial court sentenced Wilkins to consecutive life sentences for the malice murder convictions, to consecutive five-year sentences on the possession convictions, and to twenty concurrent years for one aggravated assault conviction. The court merged the other aggravated assault conviction. On February 5, 2007, Wilkins filed a motion for new trial, and on November 28, 2007, the trial court denied that motion. On December 7, 2007, Wilkins filed a notice of appeal, and on October 31, 2008, the appeal was docketed in this Court. The case was subsequently submitted for decision on the parties' briefs.

[2] Bolden was wearing women's clothes at the time of his death.

also gave the police a tag number for her attacker's vehicle that was one number and one letter off Wilkins's tag number, and she identified Wilkins in court as the person who attacked her. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Wilkins guilty beyond a reasonable doubt of the crimes for which he was convicted.[3]

2. Wilkins contends the trial court erred in admitting into evidence a statement he made to the police. More particularly, Wilkins contends his statement was involuntary because it was made under a threat of punishment.[4] We disagree. The record shows that the officer told Wilkins he did not want to go to the courthouse with all the evidence the police had gathered against him and say that he "didn't know what [was] . . . going on. Because everybody can look at this . . . right here and can say that you know something." Viewing these comments in light of the totality of the circumstances surrounding the interrogation,[5] we conclude they did not constitute a threat to Wilkins but were, instead, the officer's candid "assessment that [the defendant's] credibility [would be destroyed] . . . by insisting on a version of the facts which was so dramatically contrary to the evidence gathered by the police."[6] Moreover, the record shows that Wilkins was 29 years old at the time of the interview and had completed high school. The officer testified that Wilkins was coherent and did not appear to be under the influence of any alcohol or drugs. Before the interrogation, Wilkins was read his *Miranda* rights and agreed to speak with the officers after informing them he understood his rights. Wilkins did not ask for the questioning to stop for quite some time, and, when, later in the interview, Wilkins asked for a lawyer, the interview stopped. Based on the totality of the circumstances, we conclude the trial court did not err in admitting Wilkins's statement at trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Richard M. Darden, Shanti T. Persad-Moeller,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Thurbert E. Baker, Attorney General, Reggie A.*

---

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See OCGA § 24-3-50.

[5] See *Lee v. State,* 270 Ga. 798, 800 (514 SE2d 1) (1999) (in determining if state has proven confession to be voluntary, court must consider the totality of the circumstances). Accord *Norris v. State,* 282 Ga. 430, 431 (651 SE2d 40) (2007).

[6] *Robinson v. State,* 272 Ga. 752, 755 (533 SE2d 718) (2000).

*Lampkin, Assistant Attorney General*, for appellee.