**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 16, 2014**

# In the Court of Appeals of Georgia

A13A2453. DAVIS v. THE STATE.

PHIPPS, Chief Judge.

In connection with a home invasion during which the intruder threatened the house-sitter with a gun, Freddie Lamar Davis was charged with burglary,[1] aggravated assault,[2] possession of a firearm during the commission of the aggravated assault,[3] and possession of a firearm by a convicted felon.[4] After rejecting several plea offers, Davis proceeded to a bifurcated jury trial and was convicted of all four charges.[5] In

---

[1] OCGA § 16-7-1.

[2] OCGA § 16-5-21.

[3] OCGA § 16-11-106.

[4] OCGA § 16-11-131.

[5] The trial court imposed as punishment the following sentences: (i) fifteen years of confinement for burglary; (ii) fifteen years, to serve ten, for aggravated

this appeal, Davis contends that the trial court erred by denying his motion for new trial, which, as amended, asserted a claim of ineffective assistance of counsel. Because the record reveals no reversible error, we affirm.

1. Viewed to support the prosecution,[6] the trial evidence showed the following. At about 8:00 p.m. on February 27, 2009, while the owners of the home in question were away on vacation, their house-sitter returned to the residence to discover an intruder inside. Startled, the house-sitter quickly exited the house and summoned police, but soon encountered the man again outside the house. The man flashed a gun and said to the house-sitter, "I'll shoot you." The house-sitter fled on foot, and the man disappeared into the night. When the police arrived moments later, the house-sitter identified Davis (whom the house-sitter had known for over twenty years) as the intruder who had threatened him at gunpoint; and an investigation of the premises revealed that a back window had been shattered. At trial, the house-sitter again identified Davis as the intruder who had threatened him at gunpoint.

assault (concurrent with the burglary sentence); (iii) five years probation for possession of a firearm during the commission of the aggravated assault (consecutive to the burglary sentence); and (iv) five years probation for possession of a firearm by a convicted felon (concurrent with the sentence for possession of a firearm during the commission of a crime). Additionally, the trial court set forth conditions of probation.

[6] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

Davis took the stand, denied all charges, and gave testimony placing him elsewhere with his son and/or live-in girlfriend at the time of the home invasion. To buttress his defense, Davis called his girlfriend as a witness. She testified that on the evening in question, Davis was with her at their home until he left with his son.

After the jury found Davis guilty of burglary, aggravated assault, and possession of a firearm during the commission of the aggravated assault, the state presented evidence that Davis had been convicted of a felony in 1999. Thereafter, the jury found Davis guilty of possession of a firearm by a convicted felon.

As Davis concedes on appeal, the state's evidence as to all counts of the indictment satisfied the sufficiency standard under *Jackson v. Virginia*.[7]

2. Citing *Strickland v. Washington*,[8] Davis maintains that, during the plea bargaining process, his trial lawyer rendered ineffective assistance of counsel. According to Davis, the lawyer failed to adequately inform him of the consequences he would face if found guilty of the charges. Davis acknowledges that he received and rejected three plea offers, the last of which was an eight-year probated sentence, but claims that his trial lawyer failed to advise him of the maximum sentence of

---

[7] Id.

[8] 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

confinement he could face if found guilty of the charges. And without that information, Davis posits, his rejection of any plea offer was not informed, and hence, not valid.

"The two-part test of *Strickland v. Washington* ordinarily applies to claims of ineffective assistance of counsel in the plea process."[9] "In order to prevail on such a claim, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness, and that the deficiency prejudiced the defense."[10] Because under *Strickland*, a defendant "claiming ineffective assistance of counsel must show both deficient performance and actual prejudice stemming from that deficiency, an insufficient showing on either of these prongs relieves the reviewing court of the need to address the other prong."[11] "In reviewing the trial court's decision [regarding a claim of ineffective assistance of counsel], we accept

---

[9] *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009) (punctuation and footnote omitted).

[10] *Cormier v. State*, 277 Ga. 607, 608 (2) (592 SE2d 841) (2004), citing *Strickland*, supra.

[11] *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004) (citation and punctuation omitted).

the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[12]

The sole witness at the hearing on the motion for new trial was Davis's trial lawyer. He recounted that Davis had rejected earlier plea offers that included confinement, as well as the final plea offer of an eight-year probated sentence. The lawyer was asked about his pretrial discussions with Davis concerning the plea offers, and the lawyer answered,

> [W]hen I discussed that with Mr. Davis he was pretty adamant that he wasn't guilty of the charges and wanted a trial, and after we spent some more time discussing the case, . . . I felt that he had a good defense. Everything that he was telling me about the case, the witnesses he had,[13] led me to believe that it was a – it was a case that could go to a jury. . . . [B]ased on everything I'd heard, I believed in what Mr. Davis was telling me. His story, like I said, sounded credible. . . . It's a coherent version of events.

---

[12] *Hughes v. State*, 289 Ga. 98, 100 (3) (709 SE2d 764) (2011) (citation and punctuation omitted).

[13] However, Davis's trial lawyer elaborated at the hearing on motion for new trial that "we were not able to contact his son, who was I won't say an essential witness but certainly could fill in some gaps that his – the woman that he was living with that she was not able necessarily to fill in."

The lawyer was specifically asked whether, in discussing any plea offer, he told Davis about the maximum sentence he could face upon a guilty verdict. The lawyer replied, "I can't specifically recollect discussing those specifics, but I think that in the discussion of the trial and communicating the plea offer, there was the possibility – I did communicate the possibility of confinement if he was convicted, but that wasn't something – we were focused on the trial."

However, even assuming that Davis's trial lawyer rendered deficient performance as Davis alleged,[14] Davis failed to satisfy *Strickland's* prejudice prong. Where, as here, the defendant's complaint is that he went to trial instead of pleading guilty because of counsel's deficient representation, "the proper question at the prejudice step is whether [the defendant] demonstrated that, but for counsel's

---

[14] See *Lloyd v. State*, 258 Ga. 645, 647-648 (2) (a) (373 SE2d 1) (1988) (explaining that to show deficient performance, appellant must show that counsel's representation fell below objective standard of reasonableness; in the context of an offered plea bargain, objective professional standards ordinarily dictate that a defendant be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him); see further *Brown v. State*, 291 Ga. 892, 898 (4) (734 SE2d 23) (2012) ("[P]rior to trial an accused is entitled to rely upon his counsel to independently examine the facts, circumstances, pleadings and laws involved in the case and then to offer an informed opinion about what plea should be entered; the plea bargaining process is a critical stage of the criminal proceedings, so counsel's involvement is crucial.") (citation omitted).

deficient performance, there is a reasonable probability that he would have accepted the State's plea offer."[15]

In his brief, "[Davis] argues that the prejudice should be presumed based on [his] lack of information." Davis also argues that the requisite prejudice was shown "based on the disparity between the plea offer (an eight year probated sentence) and the maximum sentence allowed by law (50 years confinement [according to Davis's post-conviction lawyer's calculation made during the hearing[16]])." But the Supreme Court of Georgia has expressly rejected the adoption of a bright-line rule for satisfying *Strickland's* prejudice prong "such as *presuming* the defendant would have accepted any plea offer more favorable than the eventual outcome of the trial."[17] Consequently, Davis's arguments are unavailing; and Davis has cited no evidence to

---

[15] *Cleveland*, supra at 145 (footnote omitted).

[16] At the hearing, Davis's post-conviction lawyer surmised to the court "that the burglary case alone would carry twenty years confinement, that the aggravated assault carried another twenty, and I believe the two gun charges, that brings him up to fifty possible years of confinement."

[17] *Cleveland*, supra at 146 (footnote omitted; emphasis supplied).

support a finding that, but for his trial counsel's deficient performance, there is a reasonable probability that he would have accepted a plea offer.[18]

> Indeed, as noted, the record supports the opposite conclusion, in that the only evidence before the court considering the motion for new trial, as amended, suggested that [Davis] was not interested in further pursuing attempts to resolve his case with a plea bargain and was determined to go to trial. Simply, [Davis] has failed to carry his burden under *Strickland v. Washington*.[19]

> *Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

---

[18] See id. (rejecting the argument that a defendant has a "lower . . . evidentiary burden for establishing *Strickland* prejudice in the plea bargain context" and reiterating that the second prong of the *Strickland* test requires the defendant to make "an affirmative demonstration of prejudice").

[19] *Brown*, supra at 899 (4) (rejecting the mere assertion that the prejudice prong of *Strickland* was satisfied and noting that defendant failed to present any evidence to support that assertion); see *Cleveland*, supra at 147-148 (4) (determining that the record showed that defendant failed to demonstrate through his testimony at the motion for new trial hearing or otherwise, that but for his counsel's deficient performance, there was a reasonable probability that he would have accepted a pretrial plea offer, noting that the defendant had adamantly and consistently insisted that he had nothing to do with the events that formed the basis for his convictions); *Badger v. State*, 310 Ga. App. 157, 160 (712 SE2d 582) (2011) (concluding that the defendant failed to demonstrate requisite prejudice, citing trial counsel's testimony that the defendant had unequivocally stated that he would not accept any plea offer from the state and that the evidence against the defendant was weak).